National Oxygen Company, Appellant, v. James R. Roach, Appellee.

Gen. No. 32,995.

Heard in the second division of this court for the first district at the October term, 1928. Opinion filed February 14, 1929.

MAURICE A. BARANCIK, for appellant; LYLE L. RICHMOND, of counsel.

EDWARD M. KEATING, for appellee.

MR. JUSTICE SCANLAN delivered the opinion of the court.

In the circuit court of Cook county, in an action of assumpsit, the National Oxygen Company, a corporation, plaintiff, sued James R. Roach, defendant, to recover $825, alleged to be due the plaintiff from the defendant for rent. The defendant filed his plea of nonassumpsit and also a plea in bar, alleging that the plaintiff corporation was organized under the laws of Delaware and was a corporation for profit, and that the contract upon which plaintiff brought its suit was executed within this State; that plaintiff, although

maintaining its principal office in Chicago, Cook county, Illinois, had failed to file with the recorder of deeds of said county its certificate of authority to do business within the State; that there was issued to plaintiff such certificate on April 28, 1916, but that under the statute of Illinois then and there in force, it was a condition precedent for all corporations, and particularly foreign corporations, that said certificate be filed with the recorder of deeds of the county where such corporation had its principal place of business, and that by reason of the failure of plaintiff to so record its said certificate plaintiff had never acquired a right to transact business, make valid contracts or sue within the State of Illinois. A demurrer filed by the plaintiff to the plea in bar was overruled, whereupon the plaintiff filed a replication to the said plea alleging *precludi non,* by reason of the fact that plaintiff, being duly organized under the laws of the State of Delaware, and having had, on April 28, 1916, duly issued to it by the secretary of state a certificate of authority to do business within this State, was entitled under the laws of this State then in force to do business, to sue and be sued within this State without the filing of its said certificate of authority with the recorder of the county wherein it maintained its principal place of business. A demurrer filed by the defendant to the replication was sustained, and plaintiff electing to stand by its replication, the suit was dismissed at plaintiff's costs. This appeal followed.

The principal question presented is: Does the Corporation Act of 1905 require a foreign corporation to file with the recorder of deeds of the county within which it has its principal office its certificate of authority to do business, issued to it by the secretary of state, before it can maintain its suit in the courts of this state? Neither counsel has cited any case that passes upon this question, nor have we found any.

The defendant concedes that plaintiff was not required to requalify under the Act of 1919. Therefore section 131, chapter 32, of the Corporation Act (Cahill's St. ch. 32, ¶ 131; Callaghan's Ill. St. Ann., vol. 2, p. 1974) need not be considered. The defendant's sole contention is that the plaintiff "did not qualify under the Act of 1905, which was in force at the time the certificate of authority to do business in this state was issued to the appellant," because it "was bound to record its certificate of authority to do business in this state with the Recorder of Deeds of Cook County, before it could become authorized to do business in this state," and that it failed in this regard and therefore cannot "maintain an action upon any claim, legal or equitable, . . . in any court of this state."

In support of his argument, counsel for the defendant cites section 4, chapter 32, of the Corporation Act (Hurd's Rev. St. 1915–1916, p. 638, in force July 1, 1905), requiring a domestic corporation to record in the office of the recorder of deeds of the county where the principal office of such company is located, the certificate of the organization of the corporation issued to it by the secretary of state; paragraph 67b of the same act (*ib.* p. 655), prescribing that before any foreign corporation for profit is allowed to transact any business in the State of Illinois "they shall be required to comply with the provisions of this act and shall be subject to all of the regulations prescribed herein, as well as all other regulations, limitations and restrictions applying to corporations of like character organized under the laws of this State"; paragraph 67g (*ib.* p. 657), providing that "if after this act shall take effect, any foreign corporation shall fail to comply herewith, no suit may be maintained either at law or in equity upon any claim, legal or equitable, whether arising out of contract or tort in any court in this State"; and paragraph 26 (*ib.* p. 641), declaring that "For-

eign corporations, and the officers and agents thereof, doing business in this state, shall be subjected to all the liabilities, restrictions and duties that are or may be imposed upon corporations of like character organized under the general laws of this state, and shall have no other or greater powers.''

It is conceded, as it must be, that the Act of 1905 contains no express provision for the recording of the certificate of a foreign corporation. That portion of the act that relates to qualifications, rights and duties of foreign corporations sets forth at some length the acts that must be performed by a foreign corporation that desires admission into the State for the purpose of transacting business. Nowhere within the provisions relating to foreign corporations can there be found any reference as to what shall be done with the certificate of authority to do business after the same is issued by the secretary of state. Paragraph 67c (*ib.* p. 656) provides that ''The Secretary of State, upon the admission of such foreign corporation to do business in the State of Illinois, shall issue a certified copy of all papers, including certified copy of the charter of said corporation, and shall state, *in a certificate of authority to do business issued by him,* the powers and object of said corporation which may be exercised in this State, not in conflict with the law or public policy of this State, and no corporation shall, by the certificate of the Secretary of State, be authorized to transact any business in this State for the transaction of which a corporation cannot be organized under the laws of this State, and no foreign corporation shall exercise any powers in this State not authorized by the provisions of its charter.'' Paragraph 4, upon which the defendant must rely, pertains exclusively to the organization of domestic corporations. It prescribes certain steps that must be taken in the matter of organization. It declares (*inter alia*) that ''the Secretary of State shall thereupon issue a certifi-

cate of the complete organization of the corporation, . . . and the same shall be recorded in a book for that purpose, in the office of the recorder of deeds of the county where the principal office of such company is located. *Upon the recording of the said copy, the corporation shall be deemed fully organized and may proceed to business.*" The recording is the final act in the organization of the domestic corporation. The domestic corporation must be fully organized, under the act, before it can proceed to business. The foreign corporation is organized under the laws of some sister State and it comes to this State requesting permission to transact business here. To sustain the contention of the defendant would amount to holding that foreign corporations are required to perform the acts required of domestic corporations in and about the organization of the latter. If the legislature, under the Act of 1905, intended that foreign corporations should not be entitled to sue in the courts of this State unless they recorded their certificate of authority it could have so provided. In the Act of 1919 (see Cahill's St. ch. 32, ¶ 131; Callaghan's Ill. St. Ann., vol. 2, p. 1974, chapter 32, paragraph 131) it specifically requires a foreign corporation to file for record in the office of the recorder of deeds of the county where its principal office is located a "certificate of authority to transact business in this State." Paragraph 67g, depriving a foreign corporation of the right to maintain suit upon failure to comply with the provisions of the Act of 1905, is penal in its nature, and such statutes are to be strictly construed, and matters which are not clearly included cannot be brought within the operation of such statutes by mere construction. It has been further held in several cases that unless foreign corporations come within the plain provisions of the Corporation Act, Cahill's St. ch. 32, ¶ 1 *et seq.,* it should not be so construed as to nullify their contracts and deprive them of their legal remedies. The defendant

cites, in support of his contention, *Vestal Co. v. Robertson,* 277 Ill. 425. In that case the Chicago Real Estate Show Company was a pretended domestic corporation that had not complied with all the provisions for incorporation, and it was held that the president of the corporation, who bought materials on an open account in the name of the corporation before the certificate of complete organization of the corporation had been filed in the recorder's office, was personally liable for the account under section 18 of the General Incorporation Act. That case does not apply to the instant question. We hold that the plaintiff corporation, under the Act of 1905, was not required to file its certificate of authority to do business in the recorder's office of Cook county.

*Marshall v. Keach,* 227 Ill. 35, holds that a corporation *de facto* exists where the law authorizes such corporation and where the company has made an honest attempt to organize under such law and has proceeded to transact business as a corporation, even though it has not filed for record its final certificate of incorporation, and the plaintiff contends that this principle of law should be applied to a foreign corporation and that in the present case the plaintiff should not be deprived of its right of action even though the Act of 1905 required it to file with the recorder its certificate. There is much force in this contention. In fact, the defendant makes no answer to the same. But in the view that we have taken of the case it is not necessary for us to pass upon this point.

The judgment of the circuit court of Cook county is reversed and the cause is remanded with directions to the trial court to overrule the defendant's demurrer to plaintiff's replication and to allow the plaintiff a trial upon the merits.

*Reversed and remanded with directions.*

GRIDLEY, P. J., and BARNES, J., concur.