JEWELL, Adm'r, v. ALLEN.

No. 29694. Nov. 19, 1940.

Rehearing Denied Jan. 21, 1941.

*109 P. 2d 235.*

A. M. Widdows, of Tulsa, for plaintiff in error.

John E. Curran and Morris L. Bradford, both of Tulsa, for defendant in error.

PER CURIAM. On the 10th day of July, 1937, S. J. Jewell, hereinafter referred to as plaintiff, filed an action against W. O. Allen, defendant, alleging that on or about March 23, 1937, plaintiff purchased from the defendant an undivided 7/320 of the royalty interest in certain oil rights in real property covered by an oil and gas mining lease on the N. W. ¼ of sec. 13, township 17 N., range 1, W. I. M., in Logan county and paid $5,600 therefor, receiving an oil and gas mineral deed to the same; that at the same time there was executed and delivered a transfer order entitling the plaintiff to his proportionate share of well No. 1 upon said premises and directing the Stanolind Crude Oil Purchasing Company to enter the proper credits for the oil runs to the account of the plaintiff.

Plaintiff attached to his petition the mineral deed and the transfer order and a letter from an abstract company showing that the defendant had at least five acres interest in said 160 acres above described. These instruments are marked A, B, and C, respectively. It is then alleged that the title to the said 7/320 interest was defective in that the oil and gas lease referred to covered an additional 160 acres in S. ½ of S. E. ¼ of sec. 12 and the N. ½ of the N. E. ¼ of sec. 13, township 17 N., range 1, W. I. M., which lease contained the following clause:

"If the leased premises shall hereafter be owned in severalty or in separate tracts, the premises, nevertheless, shall be developed and operated as one lease and all royalties accruing hereunder shall be treated as an entirety and shall be divided among and paid to such separate owners in the proportion that the acreage owned by each such separate owner bears to the entire leased acreage."

That by reason of said provision plaintiff was deceived in that he did not receive 7/320 of the 160 acres, but only 7/320 of 320 acres. Plaintiff prayed for an alleged difference in value of $2,100 with 6 per cent. interest from March 23, 1937.

Defendant demurred to the petition, which demurrer was overruled, whereupon defendant filed an answer admitting the execution of the alleged instruments attached to the petition, but specifically denied any representation other than contained in the conveyances. A jury was waived and a trial to the court resulted in a judgment for the defendant. Plaintiff died and the cause was revived in the name of A. B. Jewell, administrator. Plaintiff has appealed and in his petition in error alleges five errors, which are briefed in one general proposition, to wit, that under the evidence the trial court should have rendered judgment for the plaintiff. The facts are substantially as follows:

Plaintiff was a lease broker engaged in the sale for profit of oil and gas leases and mineral rights. Defendant was likewise a broker maintaining an office force for the sale of acreage. He was the owner of some royalty under the N. W. ¼ of sec. 13, township 17 N., range 1, W. I. M., in Logan county. A broker named Severson obtained the information from the defendant, through his agent Rhodes, that the defendant had five acres under the above described land. Severson imparted this information to another lease broker named Moses. Defendant wanted $1,500 per acre net to him. Severson and Moses agreed to take $1,600 per acre and to sell to the plaintiff. Plaintiff asked for an abstract. Plaintiff never conferred with the defendant. Defendant informed Moses, who was dealing with the plaintiff, that the defendant could not obtain an abstract; thereupon Moses procured from the defendant the abstracter's certificate mentioned above stating that the defendant was the owner of at least five acres royalty under the 160 acres described above. This certificate was delivered to the plaintiff, and thereupon the conveyances above described were executed. A short time after discovering the terms of the lease above referred to, plaintiff informed the defendant that he had been misled as to the terms thereof. Defendant asked plaintiff if he wanted his money back. Plaintiff informed the defendant that plaintiff had conveyed a part of the royalty and could not take the money back for this reason.

The question to be determined is whether there was any duty upon the defendant Allen to inform the plaintiff that clause 12 as set out above, contained in the lease and referred to in the conveyances of the royalty, gave with it the right of owner of the royalty in the remaining 160 acres to share in the well produced on the 160 acres from which plaintiff received his royalty. Plaintiff states this duty arose because of the certificate furnished by the abstracter. We cannot agree with this contention. It is hard to conceive how plaintiff could be misled by the certificate. It spoke the truth when it stated that the defendant had five acres of royalty under the said 160 acres. The royalty conveyances and the transfer order notified him of a lease and there was no statement made as to contents of the lease. It was the duty of the plaintiff to examine the lease. There was no fiduciary relationship involved. The parties were dealing at arm's length. Plaintiff was a lease broker, presumably familiar with the terms and conditions incident to the transfer of title in such transactions as he was making. The action was predicated on fraud and aimed primarily at the recovery of damages for deceit practiced on the sale of the royalty. To sustain this allegation the burden was on the plaintiff to prove fraud. Rogers v. Harris, 76 Okla. 215,

184 P. 459; Owen v. United States Surety Co., 38 Okla. 123, 131 P. 1091. In a law action, proof of fraud must be clear, strong and convincing and such as to rebut every presumption of honesty and fair dealing. Pugh-Bishop Chevrolet Co. v. Duncan, 176 Okla. 310, 55 P. 2d 1003; Davis v. Howe, 99 Okla. 118, 226 P. 316. Plaintiff refers to our statutes, sections 9416, 9418, 9507, and 9508, O. S. 1931 (15 Okla. St. Ann. §§ 57 and 59, 76 Okla. St. Ann. §§2 and 3). Although they may in some respects enlarge the common-law right of action for fraud and deceit, the same still rests upon fraud and in this respect follows most of the other jurisdictions. Fraud cannot be inferred from acts legal in themselves and consistent with an honest purpose. Budd v. Commissioner of Internal Revenue, 43 Fed. 2d 509. One exercising his legal right is not chargeable with fraud. Foutch v. Zempel, 332 Ill. 192, 163 N. E. 546. Courts discountenance the idea that if fiduciary relationship is not involved one may filch property from another. Colorado Mortgage Co. v. Wilson, 83 Colo. 254, 263 P. 406. Fraud cannot be predicated upon an act which a party had a right by law to do nor upon nonperformance of acts which he is not bound to do. Sachs v. Blewett (Ind.) 185 N. E. 856, 91 A. L. R. 1285. Any representations made and relied upon must be positively alleged as a part of the cause of action to recover for fraudulent misrepresentations. Johnson v. Fletcher, 97 Cal. App. 153, 274 P. 1001. Although it may be conceded that plaintiff alleged, and perhaps proved, that he relied upon the fact that the lease was only under the 160 acres in the N.W.¼ of sec. 13, township 17 N., range 1, W.I.M., it is nowhere proved that the defendant made any representations as to what was covered by the lease on said premises.

Plaintiff has objected to the introduction of certain evidence which he sets out in his brief. He admits that although he fails to see the materiality that he cannot point out any error resulting to him, but states that having excepted to the receipt thereof he does not wish to waive the exceptions. This acknowledgment places the evidence, if received improperly, clearly within the harmless error rule. This court has many times held that in order to predicate error, error must be conclusively shown.

We are convinced that the trial court reached the correct conclusion when it found that there was no fraud or deceit perpetrated by the defendant upon the plaintiff, and the judgment of the trial court is affirmed.

BAYLESS, C. J., and RILEY, GIBSON, HURST, and NEFF, JJ., concur.