FENTON v. YOUNG CHEVROLET CO.

No. 30563. June 30, 1942.

*127 P. 2d 813.*

A. W. Billings, of Woodward, for plaintiff in error.

Reuben K. Sparks, of Woodward, for defendant in error.

OSBORN, J. The Young Chevrolet Company, a copartnership, hereinafter referred to as plaintiff, instituted an action in replevin in the district court of Woodward county against J. F. Fenton, hereinafter referred to as defendant, for the possession of a Chevrolet automobile. Issues were joined, the cause was tried to a jury, and a verdict was rendered in favor of plaintiff for the possession of the property. From a judgment on the verdict, defendant has appealed.

Plaintiff's claim of the right to possession of the property was predicated upon a chattel mortgage given to secure two promissory notes upon which, it was alleged, default had been made. Defendant admitted the execution of the notes and the mortgage, but claimed that the notes had been paid. The issue of fact with reference to payment was determined by the jury in favor of plaintiff.

On appeal but one question is presented and that is whether or not plaintiff could maintain the action without compliance with the provisions of section 15, art. 4, ch. 66, Session Laws 1939, the same being the Intangible Personal Property Tax Act. Section 15 (68 O. S. 1941 § 1515) is as follows:

"In every action or suit in any court for the collection of any bond, note, account receivable, or other intangible personal property as defined in section 1 of this act, the plaintiff must allege and prove:

"That such intangible personal property sued upon has been assessed for taxation under the provisions of this act for every tax year during which he was the owner of same, and that all taxes, together with accrued interest and penalties, assessed upon the property for such period, have been paid; provided, that the plaintiff shall not be required to prove assessment and payment hereunder for a period of more than three (3) fiscal years prior to the time of bringing his action, nor for any period of time in which the subject of his action was not taxable under this act; and provided, further, if such intangible property is not subject to such taxes he may so allege, stating the controlling facts upon which is based such allegation.

"If the petition or complaint of the plaintiff fails to make the allegations herein prescribed, or if he fails to prove facts supporting such allegations when made, the action must be dismissed upon demurrer or motion of the defendant, or by the court on its own motion."

Plaintiff contends that this is not a suit for the collection of the notes involved herein, within the meaning of the above-quoted provisions, but is an action for the possession of specific personal property, and therefore the above-quoted statute has no application. An action in replevin is an action in rem. Mitchell v. White, 106 Okla. 218, 233 P. 746. The gist of the action is the right of plaintiff to the immediate possession of the property at the commencement of the action by reason of his being the owner or of his having special ownership or interest therein. Olson v. Thompson, 6 Okla. 576, 52 P. 388; Brook v. Bayless, 6 Okla. 568, 52 P. 738; Chadwell v. Brown, 88 Okla. 44, 211 P. 410.

In the case of King v. King, 42 Okla. 405, 141 P. 788, it was said:

"A judgment on a note could not be rendered in a replevin suit, the only issue being the right of possession, based

upon the finding of the jury as to the special interest of the plaintiff, and in case a return of the property could not be had, a finding of such special interest, not to exceed in any case the amount found to be due on the note and mortgage; . . ."

In the case of Stockyards State Bank v. Johnston, 52 Okla. 32, 152 P. 585, we held:

"In an action in replevin, like the case at bar, the only question in issue is the mortgagee's right to the possession of the property covered by the mortgage, and the amount due on the notes is only incidentally involved."

We quote further from the body of the opinion:

"The plaintiff is suing in this case, not for a foreclosure of its mortgage, nor does it seek a money judgment against defendants upon the notes, but this is a suit in replevin, and the only question in issue now is the mortgagee's right of possession of the personal property covered by the mortgages. . . ."

Statutes in derogation of common rights are to be strictly construed. Poe v. Continental Oil & Cotton Co. (Tex. Com. App.) 231 S. W. 717; Ryerson & Son v. Smith, 152 Ill. 645; Interstate Contr. & S. Co. v. Belleville Sav. Bk., 197 Ill. App. 30; National Oxygen Co. v. Roach, 251 Ill. App. 579; Crowder v. Fletcher & Co., 80 Ala. 219. A party has a right to sue on any cause of action which he holds, and any statutory exception to that right must be distinctly expressed. Saxe v. Peck, 139 App. Div. 419, 124 N. Y. S. 14, 15; Lobbett v. Galpin, 228 App. Div. 65, 239 N. Y. S. 76.

Since section 1515, supra, must be strictly construed, its provisions may not be extended to embrace cases not within the letter though within the reason and policy of the law. An action for possession of specific personal property is not named in said section, therefore compliance with its provisions in the instant case was not required.

The judgment is affirmed.

RILEY, BAYLESS, GIBSON, and DAVISON, JJ., concur. WELCH, C. J., and CORN, V. C. J., dissent. HURST and ARNOLD, JJ., absent.

———

CORN, V. C. J. (dissenting). I am of the opinion that a replevin action brought for possession of chattels given to secure payment of a note is an attempt to collect the note, and House Bill No. 606 of the Seventeenth Legislature should be complied with. It is the means the state has adopted to compel persons holding debts to give in and pay taxes upon them. I feel it is the duty of the courts to enforce the act as a condition precedent.

The majority opinion makes it possible for the holder of the note to make collection thereof, without having to comply with said act.

I therefore dissent.