In the Matter of the ADOPTION OF Lisa Dian GRAVES, a Minor.

Judy Arlene GRAVES and Michael Paul Graves, Plaintiffs in Error,

v.

Bonnie Lucille GRAVES and Ray Rex Graves, Defendants in Error.

No. 43319.

Supreme Court of Oklahoma.

Feb. 16, 1971.

Coffey, Lassiter & Oliver and Bill Ed Rogers, Tulsa, for plaintiffs in error.

Burt, Seigel & Franklin, Tulsa, for defendants in error.

DAVISON, Vice Chief Justice.

Judy Arlene Graves and Michael Paul Graves (herein referred to as appellants) appeal from a decree of the County Court of Tulsa County, Oklahoma, decreeing the adoption of their infant daughter (Lisa Graves) by Bonnie Lucille Graves and Ray Rex Graves (herein referred to as respondents). The respondents are the parents of the appellant Michael Paul Graves and the paternal grandparents of Lisa Graves.

The basic question involved in this appeal is whether the appellants, in view of the provisions of 10 O.S.1961, § 60.10, of the Uniform Adoption Act, are barred from seeking revocation of their consent to the adoption on the grounds of fraud, duress and intimidation practiced on them by the respondents.

Respondents filed their petition to adopt Lisa on August 8, 1967, when Lisa was 10 months of age. On the same date the consent of appellants to the adoption was filed. The age of the appellant Judy Graves was 19 years and the age of appellant Michael Graves was 24 years. On October 4, 1967, the court entered an interlocutory decree of adoption in favor of respondents. Thereafter, on January 19, 1968, the appellants filed a petition to revoke their consent to the adoption and to vacate the interlocutory decree because of respondents' fraud, duress and intimidation. The trial court refused to permit introduction of evidence in support of this petition because of 10 O.S.1961, § 60.10.

The court said that it was "without authority or jurisdiction to take any testimony relating to fraud, duress or undue influence or anything of that nature * * *." On October 9, 1968, the court entered a final decree of adoption in favor of respondents.

Title 10 O.S.1961, § 60.10, provides as follows:

"Withdrawal of any consent filed in connection with a petition for adoption hereunder shall not be permitted, except that the court, after notice and opportunity to be heard is given to the petitioner by the person seeking to withdraw consent and notice to any agency participating in the adoption proceedings, may, if it finds that the best interest of the child will be furthered thereby, issue a written order permitting the withdrawal of such consent. The entry of the interlocutory or final decree of adoption renders any consent irrevocable."

There is no question that in the present case the consent of the appellants was an essential element in the adoption proceeding. 10 O.S.1961, §§ 60.5 and 60.6.

We have held that the adoption of a child is essentially a matter of contract between the parties whose consent is required and is not a judicial proceeding, although the sanction of a judicial officer is required for its consummation. Laffoon v. Hayden, Okl., 337 P.2d 736, 739.

We have also recognized, in a case involving facts that occurred prior to the passage of the Uniform Adoption Act, that an adoption decree may be revoked or set aside where it was procured by fraud or misrepresentation, or where, through the use of undue influence, the consent of necessary parties was obtained. Laffoon v. Hayden, supra.

Under these adoption authorities the appellants, prior to the passage of the Act in 1957, would have been entitled to a hearing on their charges of fraud, duress, and intimidation. Does this statute (Sec. 60.10) now bar the natural parents of a child from securing revocation of their consent

to the adoption upon a sufficient showing of fraud, duress and intimidation practiced upon them by the adoptive parents?

At the time of the passage of the Uniform Adoption Act in 1957 there existed a statute regarding limitation of time for proceedings to vacate or cancel a decree of adoption. It still stands without repeal. It is 12 O.S.1961, § 95, Subd. Sixth, and provides in pertinent part as follows:

"An action or proceeding which seeks to vacate, cancel or otherwise attack or to avoid a decree of adoption, directly or collaterally, except in the case of extrinsic fraud shall be brought within one (1) year from the date of entry of decree; * * *"

The existence of this statute indicates to us that the Legislature was not completely ruling out fraud in procuring consent to an adoption.

■ There is also the matter of the detestable nature of "fraud," in that it embraces all the multifarious means which human ingenuity can devise and are resorted to by one individual to get an advantage over another. Hildebrand v. Harrison, Okl., 361 P.2d 498.

■ We realize that the present proceeding is not an action for fraud in the ordinary sense, but it is a proceeding in which appellants are asking for relief because of alleged fraud. In the Laffoon case, supra, we recognized the right of a defrauded person to have revocation of an adoption decree. This was a right common to all persons. Actions for fraud may be enforced as a common law action. Jewell v. Allen, 188 Okl. 374, 109 P.2d 235, and 37 C.J.S. Fraud § 62.

■ In Fenton v. Young Chevrolet Co., 191 Okl. 161, 127 P.2d 813, we said that statutes in derogation of common law rights are to be strictly construed. And in Roxana Petroleum Co. v. Cope, 132 Okl. 152, 269 P. 1084, 1086, 60 A.L.R. 837, the court held that to strike down a valuable right existing by common law, merely upon an inference to be drawn from a new statute, presents an unhappy manner of adjudicating those rights and holding that they no longer exist.

■ Under these authorities, and in view of the continued existence of 12 O.S. 1961, § 95, Subd. 6, we conclude that 10 O.S.1961, § 60.10, did not strike down the pre-existing and recognized right of natural parents to revoke their consent to the adoption when it was obtained by fraud of the adoptive parents. The trial court erred in concluding that it was without authority or jurisdiction to take testimony relating to fraud, duress or undue influence.

The appellants made an extensive offer of proof in support of their claim of fraud, duress and intimidation. We make no determination and express no opinion as to the sufficiency of the offer of proof. That is the function of the trial court. In passing on all of the evidence on this subject the lower court should, among other things, take into consideration the following matters.

■ We refer to the statement in Conville v. Bakke, Okl., 400 P.2d 179, 186, that the adoption statute is strictly construed in favor of rights of natural parents when the controversy is between the natural parents and persons seeking to destroy their parental status, but the welfare of the child is not to be ignored in considering the validity of the adoption proceedings.

The judgment of the trial court is reversed with instructions to proceed in accordance with the views herein expressed.

BERRY, C. J., and WILLIAMS, BLACKBIRD, JACKSON, IRWIN and HODGES, JJ., concur.