No. 12155

IN THE SUPREME COURT OF THE STATE OF MONTANA

1972

---

IN THE MATTER OF THE APPLICATION OF
DEBORAH LYNN HENDRICKSON ON A WRIT
OF HABEAS CORPUS.

---

Appeal from: District Court of the Seventeenth Judicial District,
        Honorable Thomas Dignan, Judge presiding.

Counsel of Record:

    For Appellant:

        Dzivi, Conklin, Johnson and Nybo, Great Falls,
         Montana.
        William Conklin argued, Great Falls, Montana.

    For Respondent:

        Thomas H. Mahan argued, Helena, Montana.
        Gordon White, Glasgow, Montana.

        AMICUS CURIAE
        Paul F. Reynolds, Helena, Montana
        Ward Shanahan, Helena, Montana.
        George T. Bennett appeared, Helena, Montana.

---

Submitted: March 1, 1972

Decided MAY 2 1972

Filed: MAY 2 1972

*Thomas J. Kearney*
                    Clerk

Hon. Gordon R. Bennett, District Judge, sitting for Chief
Justice James T. Harrison, delivered the Opinion of the Court.

This is an appeal from dismissal of proceedings for a writ
of habeas corpus and denial of relief sought therein.

Appellant gave birth to a child March 20, 1971, in Great
Falls, Montana. Two days later she executed the following form
presented to her by a Cascade County Welfare Department case
worker.

"Affidavit of Waiver
and
Consent to Adoption

"State of Montana  )
                   )  ss
"County of Cascade )

"The undersigned parent, being first duly
sworn on oath, deposes and says:  That she is the
natural mother of Baby Girl Hendrickson whose date
and place of birth is follows, 3-20-71-Great Falls,
Montana

"The said undersigned parent irrevocably de-
clares and unqualifiedly states and represents that
she is unable to care for said child or cannot pro-
vide the proper parental care or guardianship, and
cannot perform the duties and obligations of a
parent or sustain the relation of parent to said
child, and

"The said undersigned parent fully understands
that when this affidavit of relinquishment is
signed, all of the rights to the custody, services,
and earnings of said minor child and any responsi-
bility for the care and support of said minor child
will be terminated and that said child cannot be re-
claimed by the undersigned.

"Now, the undersigned parent knowingly, freely
and voluntarily gives consent to have any court,
having jurisdiction over such matters, declare the
said child a dependent and neglected child, and
award the care, custody and control of the said
child to the Department of Public Welfare of the
State of Montana, and duly and legally authorize a
representative of said Department of Public Welfare
to appear in any court where adoption proceedings
are pending and assent to the adoption of the said
minor child.

"And that the undersigned parent hereby ex-
pressly waives any and all notice of or for any
process of citation from any Court declaring said
child a dependent and neglected child, and awarding

- 2 -

said child to the care, custody, and control of the Department of Public Welfare of the State of Montana, and hereby expressly consents to a hearing thereof at any time. And, that the undersigned parent hereby expressly waives any and all notice of or for any process or citation from any Court in any adoption proceeding which may be had, and consents that such adoption proceeding may be heard at any time.

"Dated this 23rd day of March, 1971.

"/s/ Deborah Lynn Hendrickson

"State of Montana )
"County of Cascade)    ss

"On this 23rd day of March, 1971, before me, the undersigned, a notary public for the State of Montana, personally appeared Deborah Hendrickson, known to me to be the person whose name is sub-scribed to the within instrument and acknowledged to me that she executed the same.

"In Witness Whereof, I have hereunto set my hand and affixed my official seal the day and year in this certificate first above written.

"(SEAL)                    "s/s Helen R. Dial
                           "Notary Public for the
                            State of Montana, Residing
                            at Great Falls, Montana.
                            My commission expires
                            3-31-72"

On April 8, 1971, the district court in Cascade County adjudicated the child dependent and neglected, awarded custody to the State Welfare Department and authorized it to assent to adoption in any court where adoption proceedings might be had. The court's order was based on the aforementioned waiver and consent.

On May 17, 1971, the district court in Valley County issued its final order of adoption upon the petition of the adoptive parents and consent of the State Welfare Department, given May 7, 1971.

Appellant petitioned the district court in Cascade County for a writ of habeas corpus on May 21, 1971, and on June 3, 1971 that court, holding it lacked jurisdiction, refused to grant the writ.

On June 7, 1971, appellant petitioned the district court in Valley County for a writ of habeas corpus and that court on June 10, 1971, issued its writ, returnable June 21, 1971, later changed to July 22, 1971. Hearing was had and judgment was filed September 7, 1971. Appellant's motion to amend findings of fact and to make additional findings of fact was denied September 23, 1971. Appellant now appeals from the judgment.

Appellant contends that her consent and waiver were withdrawn by a letter dated May 12, 1971, signed by her, addressed to the Cascade County Department of Public Welfare in Great Falls and mailed at Great Falls through the United States mail on the day it was dated.

There is no evidence that appellant's intention or desire to revoke was communicated in any way to the district court in Cascade County prior to the time the district court in Valley County issued its final adoption decree on May 17, 1971. The record contains the declaration of the district judge in Valley County that he had not been informed of any such intention or desire on the part of appellant until after he issued the decree.

Section 61-206, R.C.M. 1947, provides in pertinent part:

"The entry of the interlocutory or final decree of adoption renders any consent irrevocable."

Thus the entry of the final adoption decree by the district court in Valley County on May 17, 1971, made the consent previously given by the appellant irrevocable unless it had been revoked prior to that time. The question becomes, then, whether the May 12, 1971, letter was an effective revocation.

In addition to the portion heretofore quoted, Section 61-206, R.C.M. 1947, provides:

"Withdrawal of any consent filed in connection with a petition for adoption hereunder, shall not be permitted, except that the court, after notice and

opportunity to be heard is given to the peti-
tioner, to the person seeking to withdraw
consent, and to any agency participating in
the adoption proceedings, may, if it finds
that the best interest of the child will be
furthered thereby, issue a written order
permitting the withdrawal of such consent."

It will be noted that withdrawals of consent are not
generally permitted. There is, however, a single exception.
The court may permit withdrawal by written order upon a
finding that the best interest of the child will be furthered
thereby. This can be done only after notice to the petitioner
in an adoption proceeding, to the person seeking to withdraw
the consent, and to any agency participating in the adoption
proceeding.

The statute thus sets forth a clear procedural requirement
for withdrawal of consent. That procedural requirement was not
met in this case before a final decree of adoption was entered.
It follows that the district courts in both Valley and Cascade
Counties were without legal authority to grant permission for
the withdrawal of the consent at the time appellant filed her
petition for writ of habeas corpus.

Appellant attacks the validity of the given consent and
waiver on several grounds. Admitting that she executed the
document, she maintains that her intent was solely to consent
to adoption; that she did not understand she was consenting to
a declaration that the child was dependent and neglected; that
the form was dated and notarized the day following the execu-
tion; and, that she was unaware at the time she signed the
document that her parents were willing to assist in the up-
bringing of the child.

At the time appellant signed the document she was eighteen
years old, a high school senior, a "B" student, could and did
read the document she signed without difficulty, and had been

negotiating with the Cascade County Welfare Department for seven months previous for the adoption of the child. She testified she had been taking codeine and empirin to kill pain at the time she executed the document and that she was "really relaxed" but she knew what she was talking about and what was going on. She was discharged from the hospital the following day. There is no allegation or proof of fraud, deceit, undue influence or misrepresentation on the part of the case worker with whom she discussed the document at the time she signed it. Whatever her understanding of the term "dependent and neglected", it is clear that she understood what adoption was and that she knowingly and intentionally consented to it.

The error in dating and notarizing the document is clerical only and does not impair its essential validity, nor should her misapprehension as to the availability of her parents' assistance in raising the child. This was her misapprehension, which she had an opportunity to correct for months before the signing. We find no defect in the document itself or in the circumstances of its execution sufficient to set it aside on any grounds.

Appellant maintains the order of the district court in Cascade County finding the child dependent and neglected and granting the State Welfare Department the power to consent to adoption was invalid because no hearing was had as required by section 10-501, R.C.M. 1947, et seq., and the child was not physically before the court as required by section 10-508, R.C.M. 1947.

The waiver and consent document signed by the appellant is the standard form used in such cases by the State Welfare Department (now the Department of Social and Rehabilitation Services). It does not clearly and specifically give consent to adoption. It could under the authority of section 61-205, R.C.M. 1947, but it does not. It states instead that the

consenting parent understands that his or her rights to the custody, services and earnings of the child will be terminated and that the child cannot be reclaimed. It then goes on to give express consent to any court having jurisdiction, without notice to the consenting parent, to (1) declare the child dependent and neglected, (2) award the custody to the State Welfare Department, and (3) authorize the Department to appear in court and assent to adoption. It also specifically waives notice of adoption proceedings and consents to the holding of such proceedings at any time.

This masterpiece of obfuscation never gets around to stating in a simple declaratory sentence what it clearly purports to do---grant the consent of the parent to the adoption of the child. Nevertheless, we hold that the waiver and consent signed by the appellant has the effect of being an unequivocal relinquishment of the child for adoption through the agency of the State Welfare Department.

The child having been adopted through the agency of the State Welfare Department, authorized by appellant, appellant now has no standing to collaterally attack the procedure in the district court of Cascade County by which this was, in part, accomplished.

Appellant asks that the judgment of the district court of Cascade County finding the child dependent and neglected be set aside because the child did not meet the statutory definition of a dependent and neglected child. Section 10-501, R.C.M. 1947. We believe the statutory requirement was fully met by the declaration of the appellant in her waiver and consent that she was unable to care for the child, could not provide parental care or guidance, and could not perform the duties of a parent.

Appellant urges finally that if the district court in Valley County was not apprised of her revocation at the time it granted its final adoption decree, the concealment of the revocation "may" amount to fraud upon the court. A district court decree should not be set aside on such an infirm allegation nor upon the kind of proof of "fraud", if any, that the record in this case reveals.

It is doubtless true, as argued by appellant's counsel, that notice to responsible officials in the Cascade County Welfare Department would be constructive notice to the State Welfare Department in general, and to its supervisor of welfare services, who gave his consent to the adoption on May 7, 1971. It may be true that some responsible official in the Cascade County Welfare Department received the letter of revocation prior to May 17, 1971, the day the Valley County district court granted its final decree of adoption, but the record in this case establishes neither when the revocation letter was received nor by whom.

Section 93-1301-7(24), R.C.M. 1947, urged by counsel, helps not at all in determining these facts. It simply establishes a presumption that the letter was received in due course. It does not tell us when or by whom. The district court made no finding in regard to either matter. The allegation of fraud fails for failure of proof.

The orders of the district courts are affirmed.

```
------------------------------------------
```
Hon. Gordon R. Bennett, sitting
for Chief Justice James T. Harrison.

We Concur:

_John Conway Harrison_

_Jean B Daly_

_Mark L. Haswell_

Associate Justices

_Jack D. Shanstrom_

Hon. Jack Shanstrom, District
Judge, sitting for Justice
Wesley Castles.