No. 13242

IN THE SUPREME COURT OF THE STATE OF MONTANA

1976

---

IN THE MATTER OF THE ADOPTION OF
CHRISTINA MAE CONLEY, EDGAR MELVIN
CONLEY AND DALE WAYNE CONLEY,
Minor Children,

                        Petitioner and Appellant,

   -vs-

LOIS INNIS WALDEN,

                   Respondent and Respondent.

---

Appeal from:  District Court of the Sixth Judicial District,
            Honorable C. B. Sande, Judge presiding.

Counsel of Record:

    For Appellant:

        Harrison, Loendorf and Poston, Helena, Montana
        James T. Harrison Jr. argued, Helena, Montana

    For Respondent:

        Huppert and Swindlehurst, Livingston, Montana
        Joseph T. Swindlehurst argued, Livingston, Montana

---

                       Submitted:  September 2, 1976

                           Decided:

Filed: OCT 2 1976

_Thomas J. Kearney_
                             Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

This is an appeal from the refusal of the district court, Park County, to vacate an order granting a maternal grandmother's petition to adopt three minor children. This matter commenced in 1973 when petitioners Melvin Conley and Ruby Pershall, the natural parents of the children petitioned for a "Writ of Habeas Corpus" claiming the district court did not have jurisdiction to grant the adoption petition of the respondent. The district court denied the petition for the writ and the holding was sustained by this Court in Application of Conley v. Walden, 166 Mont. 369, 375, 533 P.2d 955. That opinion sets out the facts pertinent to this appeal, therefore it is not necessary to repeat in detail the fact situation.

In June 1975, two months after the decision was rendered by this Court, petitioner Ruby F. Pershall, natural mother of the three children, brought this action to void the adoption. Petitioner claimed, once again, the district court lacked jurisdiction to grant the adoption. A motion to dismiss on the basis the prior decision in this matter was res judicata was granted by the district court which again determined the adoption decree was valid and no notice of the adoption to petitioner was required.

The prior action in this matter, although denominated as an application for a writ of habeas corpus, resulted in a determination of the merits of all claims raised by petitioners in their pleadings and raised once again in the instant case. Petitioners' own brief in Application of Conley stated:

"* * * we submit that the Supreme Court should treat
the suit as one seeking to void the adoption decree

instead of merely an action in habeas corpus. The substance of the suit is certainly in that vein, although the form may be denominated as habeas corpus."

This Court, in Application of Conley stated:

"Whether the action is treated as habeas corpus or a petition to set aside an adoption, the welfare of the child is the paramount factor. * * *

"* * *

"Considering the record in the instant case, there are numerous grounds upon which the adoption itself could have been sustained without the consent of the petitioners. * * *"

Clark, Law of Domestic Relations, Ch. 17, §17.3, p. 579, discusses the use of the writ of habeas corpus in child custody matters:

"* * * In the first place, the writ in custody cases is generally considered equitable rather than legal. Second, the court is by no means limited to an inquiry into the legal right by which the child is held, but must determine the broad question of what disposition will best serve the child's interest. * * * Third, the usual rules of res judicata apply in habeas corpus involving custody, at least to the extent that the judgment is final * * *." (Emphasis added).

At the request of petitioners, this Court fully disposed of the issues raised here in connection with the validity of the adoption in the prior habeas corpus decision, and that decision is res judicata to matters raised by the instant petition.

Section 61-205(1), R.C.M. 1947, provides:

"* * * that consent [to adopt] shall not be required from a father or mother,

" * * *

"(c) who has been judicially deprived of the custody of the child on account of cruelty or neglect toward the child; or

"(d) who has, in the state of Montana, or in any other state of the United States, willfully abandoned such child; or

" * * *

"(f) if it is proven to the satisfaction of the court
that said father or mother, if able, has not contributed
to the support of such child during a period of one (1)
year before the filing of a petition for adoption * * *."

Section 61-211, 1947, provides in pertinent part:

"Service of process * * * need not be made * * *
on any parent whose consent to the adoption is not
required under the provisions of section 61-205 * * *."

Therefore, no service of process need be made on parents, such

as petitioners, who have abandoned their children, failed to

support them, or lost them to the custody of state agencies through

neglect or cruelty. Here the custody of the children was removed

from the parents by order of the Missouri district court and the

children were placed in the care of respondent where they have

remained for the past 9 years. For the last 4 years, respondent

has had full legal custody of these children, based on an order from

the same Missouri court. This Court, in the prior opinion, noted

"A period of six years of absolute abandonment of the three children

with no support, no contact, and no visits by either parent * * *."

as being the primary reason the parents were not entitled to notice

of the adoption proceedings, and were not required to give their

consent to its execution.

The proper party to give consent to this adoption was the

Missouri court having custody of the children, which consent was

given by that court in May 1972 upon petition of respondent.

Although this consent was later voided by the Missouri court, under

questionable circumstances, Montana law section 61-206, R.C.M.

1947, provides the "entry of the [adoption] decree renders any

consent irrevocable."

- 4 -

The only exception is upon a finding by the court that the best interests of the child would be served by allowing revocation of consent. Application of Hendrickson, 159 Mont. 217, 222, 496 P.2d 1115. We find no evidence in the record before us indicating any benefit would accrue from such a holding.

Finally, the objects of the instant litigation are the three small children whose well-being must be the primary consideration of the Court in disposition of this matter. Riley v. Byrne, 145 Mont. 138, 399 P.2d 980; In re Adoption of Graves, (Okla.1971), 481 P.2d 136; Application of Conley v. Walden, 166 Mont. 369, 533 P.2d 955. Recently, the Arizona Supreme Court in In re Adoption of Hammer, 15 Ariz.App. 196, 487 P.2d 417, 419, said:

> "* * * Moreover, from a strictly humanitarian standpoint, there must be an end to the emotional stress and strain that is involved in the natural parents' attempt to gain custody of their child."

Clark, Law of Domestic Relations, § 17.5, p. 593, in an analysis of a situation similar to the instant case, states:

> "Many of the cases involving this problem arise when the parent leaves the child with a friend or relative who later refuses to return him on request. The crucial issue here is whether the child will be harmed by a shift in custody back to the parent. This depends upon the length of his stay with the foster parents, the nature of his relationship to them, and the degree of contact maintained with the parent." (Emphasis added).

A consideration of the findings of the trial court, clearly supported by the record of the natural parents' lack of fitness to have custody of these three children, indicates this Court should uphold the district court's refusal to vacate the adoption order.

The judgment of the district court is affirmed.

_____ *Wesley Castles* _____
Justice

We Concur:

_____
Justice

Hon. Peter G. Meloy, District
Judge, sitting for Chief Justice
James T. Harrison.

- 6 -

Mr. Justice Frank I. Haswell dissenting:

I dissent.  In my view the adoption decree is void.
The natural mother was not given notice of the adoption pro-
ceeding and afforded an opportunity to be heard.  Instead her
parental rights were permanently and irrevocably terminated
without an opportunity to resist.

The issue on appeal is not res judicata.  The prior case,
Application of Conley v. Walden, 166 Mont. 369, 533 P.2d 955,958,
was a custody case, not an adoption proceeding.  The issue there
was the right to custody of the minor children, not the right
to adopt them.  The opinion of this Court in that prior case
expressly points this out at page 958 of 533 P.2d:

> "Respondent argues that this is a habeas corpus
> proceeding and appellants are attempting to use
> habeas corpus to collaterally attack the adoption
> decree.  We agree and will treat the matter as it
> was brought by appellants, as one of habeas corpus
> seeking the custody of the children."

Lacking an identity of issues, the principle of res judicata
is inapplicable.

The issue on appeal in this case is one of jurisdiction.
Here the Court granted the adoption and permanently terminated
the parental rights of the natural mother without notice.  This
cannot be done.  As stated by a prominent authority:

> "The  clearest justification for setting an adoption
> aside at the instance of a natural parent is that the
> parent was not given notice of the adoption proceeding.
> * * *."  Clark, Law of Domestic Relations, §18.10, p. 668.

In accord:  Armstrong v. Manzo, 380 U.S. 545, 85 S.Ct. 1187,
14 L ed 2d 62; Leonard v. Leonard, 88 Idaho 485, 401 P.2d 541.

Respondent claims that the consent of the natural mother is
not required in this case under section 61-205, R.C.M. 1947, and
consequently notice of the adoption proceeding need not be given

- 7 -

her under section 61-211, R.C.M. 1947. In any view there is a substantial question concerning whether the natural mother falls under one of the statute's exceptions. Here she was deprived of an opportunity to show that she did not fall within one of the statutory exceptions by failure to give her notice of the adoption proceeding.

As we said in In re Adoption of Biery, 164 Mont. 353, 359, 522 P.2d 1377:

> "While the best interests of the child are of utmost concern in both custody and adoption cases, we have required strict compliance with section 61-205, R.C.M. 1947, because of the harshness of permanently terminating parental rights."

I see no reason to abandon this salutary principle in this case. Whatever the ultimate merits of the case may be, they cannot satisfy jurisdictional requirements.

_Frank I. Haswell_
Justice.
