**In the Matter of the Adoption of Jessica SIEFNER, a minor child.**

No. 53146.

Court of Appeals of Oklahoma, Division No. 2.

March 17, 1981.

Released for Publication by Order of Court of Appeals April 16, 1981.

Kade A. McClure, Lawton, Stan L. Foster, Oklahoma City, for appellant.

George R. Robinson, Jennings, Robinson & Jennings, Lawton, for appellees.

BRIGHTMIRE, Judge.

■ The dispositive question is whether the failure to comply with pre-decree statutory requirements[1] is fatal to an adoption decree rendered below. We hold that it is and reverse the order denying the natural mother's motion to vacate it.

## I

Reduced to bare essentials, the operative facts are these. On June 14, 1978, 19-year-old Katherine Siefner and her estranged husband signed a form consenting to the adoption of their one-year-old baby girl by Robert and Darlene Clark. The next day the Clarks filed a petition asking the court to waive the six month waiting period and, upon completion of a statutory investigation, enter a final decree of adoption establishing petitioners as the parents of subject child.

The record further discloses these incredible facts. On June 16, 1978—the day after the petition was filed—a decree of adoption was signed by the district judge reciting that a "statutory investigation" had been made and waiving the six month interlocutory waiting period.

Then a week later, on June 22, 1978, an order for an investigation was signed by the judge who earlier signed the adoption decree. On the same day, a law clerk in the office of the lawyers representing the Clarks wrote a letter to the judge advising that he had investigated the situation and found the adoptive parents to be "of good reputation" and to have "a suitable home" for said child. The law clerk recommended "the adoption be granted."

Eventually, the indigent natural mother sought help from legal aid lawyers and filed a motion to vacate the decree. The Clarks' lawyers asked the court to sign an order nunc pro tunc changing the entrance date of the decree from June 16 to June 27, 1978. A hearing on both motions was held and both were denied. Only the natural mother appeals.

## II

■ Merely to state the recorded facts would appear to expose an obviously void decree of adoption. The statutory requirement of a pre-decree investigation is not a mere pro forma one, but a basic and vital legal shield erected to protect and serve the interests of the infant. Substantial compliance with the statutory obligation is mandatory. Here, not only was there no pre-decree investigation, but the one purported to have been made later was not in substantial compliance with law because it was, in effect, a presumptively nonobjective effort of the Clarks' own lawyers and was unaccompanied by a showing that it had been made by "a person qualified by training and experience" as the statute commands.[2] Absent information an adequate investigation would disclose, the trial judge had no factual substance into which he could anchor a conclusion that the Clarks were fit and proper adoptive parents or that the six month interlocutory period could be safely waived.

The order appealed is reversed, and the decree of adoption is vacated.

BACON, P. J., and BOYDSTON, J., concur.

---

1. Uniform Adoption Act, 10 O.S. 1971 § 60.13.

2. *In re Adoption of Jones*, Okl.App., 558 P.2d 422 (1976).