1998 OK 61

**In the Matter of the ADOPTION OF A.W.H., a minor.**

No. 85750.

Supreme Court of Oklahoma.

June 23, 1998.

Rehearing Denied Sept. 10, 1998.

Christopher B. Lyons, Christopher B. Lyons & Associates, Pryor, for Appellant.

Tim K. Baker, Baker and Baker, Tahlequah, for Appellees.

HARGRAVE, J.

¶ 1 On June 23, 1992, biological father appeared in the district court executing a consent to the adoption of his seven-year-old son by the couple he selected, the Foglemans. An interlocutory decree of adoption was granted July 9, 1992, and a final decree was entered on March 15, 1993. Biological father, prior to the adoption, had been receiving social security benefits on behalf of the boy as a result of the boy's mother's death in 1990. In April 1993, two months after the adoption, the social security office advised the biological father that no further payments would be made to him, but would be forwarded to the Foglemans. In August of 1993, biological father filed an application to set aside the adoption decree on the grounds of fraud.

¶ 2 The alleged fraud consisted of the Foglemans' promise to not change the boy's name. According to the biological father, his relinquishment of parental rights was expressly made conditional on this promise, and on the Foglemans' further promise to allow the social security money to accumulate for the child's educational needs. The biological father argued that the Foglemans lied in the adoption petition when they stated that the child had no property. The biological father explained that he maintained a trust account for the child which held more than $5,000.00 of the social security money, and that this was the child's property. The child testified that he understood that his name was not to be changed, and he further testified that he knew of the trust account. The Foglemans denied knowledge of the trust account. Mrs. Fogleman claimed that she first learned of the social security payments after the adoption when the checks began arriving at her home. She testified that the only reason the adoption petition alleged that the child owned no property was because they believed that the child owned no property. The associate district judge before whom the biological father executed his consent also gave evidence, relating that the biological father's consent was unequivocal on its face, and there were no expressions of any conditions or reservations at the time the biological father appeared before him to relinquish the child. The trial court denied the biological father's claim.

¶ 3 A natural parent may have his or her consent for adoption set aside where fraud, coercion, misrepresentation or undue influence is shown. *In re Adoption of Graves* 1971 OK 15, 481 P.2d 136. The party alleging fraud must prove it by clear, unequivocal and competent evidence. *Barriner v. Stedman*, 1978 OK 82, 580 P.2d 514. On appeal, the reviewing court may weigh the evidence to insure that the trial court's order is supported by sufficient evidence, but will not reverse unless the decision is against the clear weight of the evidence. *Webb v. Wiley*, 1979 OK 119, 600 P.2d 317. The decision of the trial court will not be disturbed unless it fails to rest on clear and convincing evidence. *In re Adoption of V.A.J.*, 1983 OK 23, 660 P.2d 139.

¶ 4 The decision of the trial court need not rest on uncontradicted evidence, and the trial court is in the best position to evaluate the credibility of the witnesses, and is therefore entitled to deference on issues of fact. *Mueggenborg v. Walling*, 1992 OK 121, 836 P.2d 112. Hence, the trial court's determination that the biological father had failed to show by clear, unequivocal and competent evidence that the Foglemans had committed fraud in the adoption of his son should not be disturbed on appeal.

¶ 5 The biological father claims that the Uniform Adoption Act was not properly followed with respect to the pre-placement investigations and hence, the trial court's failure to strictly follow all of the filing deadlines for the pre-placement investigations and reports deprive the court of jurisdiction. 10

O.S.1991, § 60.13[1] requires an initial report by the DHS not later than sixty (60) days of the court order, together with a supplemental report prior to the final adoption petition.

¶6   0 O.S.1991, § 60.13(C)[2] provides:

"The preplacement investigation shall include an appropriate inquiry to determine whether the proposed home is a suitable one for the child; and any other circumstances and conditions which may have a bearing on the adoption and of which the court should have knowledge; and, in this entire matter of investigation, the court is specifically authorized to exercise judicial knowledge and discretion."

¶7   This issue of investigation is clearly a matter left by statute to the trial judge. Nowhere in the adoption statutes is the district court's jurisdiction made contingent on filing deadlines. Hence, the failure to timely file the report in this matter does not amount to reversible error.

■ ¶8   The investigation had been made in the present matter, and the report had been sent to the court and counsel, but had not been filed of record until after the decree of adoption had been entered. This report had been filed out of time. However, the parties as well as the trial court, had received the report prior to the final decree of adoption. The late filing of this report was not the fault of the Foglemans. There was substantial compliance[3] with the adoption statutes in the present matter. Additionally, we reject the biological father's arguments based on the UCCJA, inasmuch as this was not an interstate child custody dispute. Finally, since biological father was not successful on appeal, his request for attorney's fees is denied.

**CERTIORARI PREVIOUSLY GRANTED; COURT OF CIVIL APPEALS OPINION VACATED; JUDGMENT OF THE TRIAL COURT AFFIRMED.**

1. Now renumbered as 10 O.S.Supp.1997 § 7505–5.4

2. This section has been renumbered as 10 O.S.Supp.1997 § 7505–5.3(A)(1).

¶9   KAUGER, C.J., SUMMERS, V.C.J., HODGES, LAVENDER, SIMMS, ALMA WILSON, WATT, JJ., CONCUR.

¶10   OPALA, J., CONCURS IN RESULT.

3. See *In the Matter of Adoption of Siefner,* 1981 OK CIV APP 12, 627 P.2d 456.