(No. 17325.—Appellate Court reversed; superior court affirmed.)
THE PEOPLE *ex rel.* Dennis O'Connor, Defendant in Error, *vs.* JOHN COLE *et al.* Plaintiffs in Error.

*Opinion filed June 16, 1926.*

1. ADOPTION—*court may decree adoption after a hearing, notwithstanding parent appears and answers.* The provision of section 3 of the Adoption act that "on default of answer of all the defendants the court shall proceed to hear evidence," should read "on default or answer," as the language of the entire act does not indicate an intention that the court shall have no jurisdiction where an answer is filed, and whether a parent defaults or files an answer the court has power to hear evidence and enter a decree accordingly; and the fact that no provision is made for review does not affect the question.

2. SAME—*purpose of an adoption.* The purpose of providing by law the means for the adoption of children is to promote the interests of society by giving a good home to children who are without proper parental care.

WRIT OF ERROR to the First Division of the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. TIMOTHY D. HURLEY, Judge, presiding.

ROBERT E. HOGAN, for plaintiffs in error.

HOULIHAN & MICHELS, for defendant in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This cause is here on *certiorari* to review a judgment of the Appellate Court for the First District reversing a judgment of the superior court of Cook county entered in a *habeas corpus* proceeding brought by Dennis O'Connor to regain the custody and control of his daughter, Frances Bernadette.

At the time of this hearing the child was about five years old. She had been in the custody of plaintiffs in

error, John Cole and Mary Cole, since the death of her mother, February 2, 1922. In March, 1922, there was a hearing in a *habeas corpus* proceeding brought by the father, and the child was remanded to the custody of plaintiffs in error. Shortly thereafter plaintiffs in error filed a petition in the county court of Cook county for the adoption of the child, alleging that the father, Dennis O'Connor, had been guilty of extreme and repeated cruelty toward the child, had abandoned it and was unfit to have its care and custody. O'Connor answered the petition, denying the charges against him and opposed the adoption. There was a hearing on this petition and answer, and a decree entered finding that the father had abandoned his child and that he was a depraved person, and awarding the child to plaintiffs in error, whom the decree found to be fit and proper persons of sufficient ability to bring up the child and furnish it suitable nurture and education.

The reason assigned by the superior court for remanding the child to the custody of plaintiffs in error was that there was no showing that there had been a change in conditions since the order was entered in the first *habeas corpus* proceeding, March 29, 1922. The court must have considered the adoption proceeding void, because if it had been considered valid it would have been a complete defense to the second petition for writ of *habeas corpus*. The Appellate Court held the adoption proceeding void and that there had been a change in conditions which showed that it was for the best interests of the child that it be returned to the home of its father.

The first question to be considered is whether the adoption proceeding is valid. The only point made against its validity is that the county court was without jurisdiction to enter a decree of adoption where the father filed an answer objecting to the entry of such a decree. This contention is based on the first part of section 3 of the act in relation to the adoption of children, which reads: "On de-

fault of answer of all the defendants, the court shall proceed to hear evidence." Relator contends, and the Appellate Court held, that this language means that the court has no power to hear evidence and enter a decree except where the parent consents to the adoption or defaults by failing to file an answer. In *Keal* v. *Rhydderck,* 317 Ill. 231, we considered the nature of an adoption proceeding and the steps necessary to effect a valid adoption. No useful purpose will be served by repeating here what we said in the opinion filed in that case. Section 2 of the act prescribes the form of petition, the manner of giving notice of the filing of the petition and the time for filing an answer. In the latter part of the section it is said: "The answer shall have no greater weight as evidence than the petition." While neither the petition nor the answer is evidence of the matters alleged, this sentence indicates that the court has power to hear the cause where an answer is filed. If the filing of an answer by the parent is to be held to be a bar to a hearing then this sentence is without meaning. We think it is clear from a reading of the entire act that the court has the power to hear evidence and enter a decree accordingly, whether the parent defaults or files an answer. If it were intended by the legislature to provide that there could be no adoption in the event a parent objected to the entry of a decree, such intent would undoubtedly have been clearly expressed in the statute. Considering all the provisions of the act, it is apparent that the third word of section 3 should be "or" instead of "of." By reading the section, "on default *or* answer of all the defendants the court shall proceed to hear evidence," we give meaning to every part of the act.

It is contended that the fact that the legislature has not provided for a review of an adoption proceeding indicates that it did not intend that the county court should have jurisdiction to enter a decree of adoption except where the parent or parents consent or where they do not appear and

322–7

resist the adoption. We do not consider that the failure to make provision for the review of this character of proceeding throws any light upon the construction of the act. The purpose of providing the means by law for the adoption of children is to promote the interests of society by giving a good home to children who are without proper parental care. There is just as much reason for taking a child from parents who by reason of depravity or cruelty are unfit to have its custody, where such parents appear and resist the petition for adoption as where they neglect to appear. Furthermore, section 3 covers cases where both parents of the child are dead, and if the construction for which relator contends is given the section, then a guardian or a near relative might, by filing an answer, prevent the court from hearing the evidence to determine what is for the best interests of the child. We find no language in the act which indicates that the legislature intended that the person or persons who must, under the statute, be made parties defendant to the petition could by the mere filing of an answer deprive the county court of jurisdiction to hear the proceeding and enter a decree of adoption, if warranted by the evidence.

The point considered being the only one made against the validity of the adoption proceedings, and that point being untenable, we hold the proceedings valid. This being true, the relator has no legal right to the custody of the child, and the superior court properly remanded the child to the custody of plaintiffs in error.

The judgment of the Appellate Court is reversed and the judgment of the superior court is affirmed.

*Judgment of Appellate Court reversed.*
*Judgment of superior court affirmed.*