In the Matter of the ADOPTION OF James
Ronald GREER and Jetta Kay
Greer, Minors.

No. 42822.

Supreme Court of Oklahoma.

Oct. 14, 1969.

Rehearing Denied Jan. 23, 1970.

Nicklas, Parrish & Saenz, by W. F. Parrish, Jr., Lawton, for plaintiff in error.

Allen & Allen, by Walton Allen, Chickasha, for defendants in error.

McINERNEY, Justice.

A petition for the adoption of James Ronald Greer, then age 4, and Jetta Kay Greer, then age 3, was filed on August 16, 1967 by Janet Greer, the natural mother of the two children, and Ronald Greer, her husband. The petition alleged that the natural father of the children, William O. Nolen, had not contributed to the support of either of the children for more than one year next preceding the filing of the petition. Failure to contribute to the support of the children obviates the necessity of parental consent, under 10 O.S.1961, § 60.7, later amended by S.L.1968, C. 247, § 1. The natural father, Nolen, did not give his consent to the adoption.

A hearing to determine the eligibility of the children for adoption without the consent of the natural father was set for September 5, 1967, publication was commenced, and notice was sent to Nolen in Illinois by registered mail. The return receipt bore Nolen's signature showing a delivery date of August 25, 1967. Publication service was completed. The hearing was continued from September 5, 1967 to October 5, 1967 at Nolen's request. Nolen was not present on October 5, 1967. A request for an additional continuance was denied and the hearing held.

The court found that Nolen had wilfully failed, refused and neglected to contribute to the support of the children for a period of more than one year next preceding the filing of the petition for adoption. Based on this finding, the court found that the children were eligible for adoption without the consent of the natural father. A decree of adoption was entered later the same day.

Nolen challenges the sufficiency of the notice, the refusal to grant a second continuance, and the finding that Nolen did not contribute support for a period of one year next preceding the filing of the petition.

■ 10 O.S.1961, § 60.8 provides that Nolen shall be given notice by registered mail at least 15 days prior to the hearing. Nolen received notice on August 25, 1967, according to the return receipt, or 11 days notice of the September 5, 1967 hearing. The asserted insufficiency of this notice was rendered moot when Nolen sought, and obtained, a continuance at his own request on August 31, 1967 and the hearing was continued until October 5, 1967. The statutory notice requirement is to provide the parties a minimum period of time for an opportunity to be heard. Nolen is entitled to 15 days notice prior to the hearing. Nolen received 41 days between receipt of the notice and the hearing. The continuance granted at his request allowed him more than the minimum period of time required by the statute. Nolen cites no authority, and our research discloses none, to support the contention that, under the facts here, the notice is insufficient.

■ Nolen's attack on the refusal to grant a second continuance of the hearing is equally without merit. The conflict in trial dates between the Oklahoma and Illinois courts, on related matters, resulted when the Illinois cases were set for October 5, 1967 on Nolen's petition, after Nolen had received notice of the Oklahoma trial date. His argument that he could not be in two states at the same time, under these circumstances, is untenable. Nolen was

not prevented from being present in Oklahoma on October 5, 1967: he chose to be absent on that date. In any event, the hearing in Illinois was not held until October 13, 1967, according to the record. The request for a second continuance was properly denied.

The record discloses virtually a total failure by Nolen to contribute to the support of the two minor children as provided in the Illinois decree of divorce. The decree was entered on December 17, 1965. The child support provision of the decree ordered Nolen to pay $50.00 every two weeks for the support of the minor children. The Illinois court found him to be $500.00 in arrears on May 12, 1966. Nolen was delinquent in the full amount of support due for the entire period.

Mrs. Greer testified on October 5, 1967 that Nolen had paid no child support for one year and four months. Two $100.00 payments were made by Nolen after the Illinois court found him in arrears in May, 1966. She did not testify to the exact date of receipt of these two last payments, but testified positively that she had received no child support for over one year preceding the filing of the petition for adoption.

■ Nolen was given visitation rights to James Ronald Greer in the divorce decree. The boy visited in the home of Nolen's parents in Illinois from February 5, 1967 to February 20, 1967. Nolen visited the boy during this period. Nolen contends that this visit interrupted the one year period of non-support preceding the filing of the petition for adoption. Nolen offered exhibits which may, or may not, show that he purchased some toys, sundries, clothes and a bicycle for the boy during his visit. The objection to this offer is well stated, but we find it unnecessary to discuss the grounds here. The objection to the offer of proof was sustained.

Assuming that the offer was proper and that the exhibits should have been admitted, the tendered evidence would not satisfy the reasonable requirement of 10 O.S. 1961, § 60.7, which provides, in part, "or where a parent has wilfully failed, refused or neglected to contribute to the support of his child, *as provided in the decree of divorce*, for a period of one (1) year next preceding the filing of a petition for adoption of such child" that the consent of the parent is unnecessary. Non-compliance by Nolen with the order of support is uncontradicted.

"A statute should not be interpreted in favor of a father who seeks the benefit of parental rights but shuns the burden of parental obligation." In Re Burton's Adoption, 147 Cal.App.2d 125, 305 P.2d 185, 191.

■ The Oklahoma court, like the Illinois court earlier, found that Nolen had not complied with the provision of the decree of divorce for support of his children. Whether a parent has wilfully failed, refused or neglected to contribute to the support of his children to such an extent as to obviate the necessity of obtaining his consent to adoption is a question of fact for the trial court. Wade v. Mantooth, Okl., 417 P.2d 313. The finding by the court that Nolen had not contributed to the support of the children for over one year next preceding the filing of the petition for adoption is clearly supported by the evidence.

■■ After the decree of adoption was entered by the Oklahoma Court on October 5, 1967, the Illinois court modified the divorce decree, on October 13, 1967, to grant Nolen custody of the two children. However, a decree of adoption severs parental rights of custody under a divorce decree. In re Lewis' Adoption (Lewis v. Lewis), Okl., 380 P.2d 697. Oklahoma recognizes comity between states in custody proceedings, Clampitt v. Johnson, Okl., 359 P.2d 588, but not to the exclusion, or derogation, of the legitimate interests of its own residents domiciled here. The same rule of adoption severing custody rights, and comity in adoption matters, prevails in Illinois. Ill.Rev.Stat.1959, ch. 4, § 9.1–17; People ex rel. O'Connor v. Cole, 322 Ill. 95, 152 N.E. 554; In Re Leichtenberg's Estate, 5

Ill.App.2d 336, 125 N.E.2d 277, 279. The denial of the motion for a new trial based on the subsequent modification of the Illinois divorce decree regarding the custody provision of the divorce decree, after the Oklahoma adoption proceedings, was not error.

The *primary inquiry on adoption is* whether the adoption will promote the best interest of the child, or children. Wade v. Mantooth, supra. The children here have been members of the Greer family since August, 1966. The family unit has existed, as a unit, for a longer period of time for these children than any comparable span of time in their young lives. The children have grown up as brother and sister in the environment of the Greer home. The love and consideration, and the responsibility, of a parent for a child has been given by Mr. and Mrs. Greer, and by them alone.

In contrast, James Ronald Greer received some toys and clothes from Nolen when he visited Illinois, possibly. He was, of course, fed by either Nolen or Nolen's parents during the visit. Jetta Kay Greer did not visit Illinois with her brother. Nolen's theory of this meager offering being "support" sufficient to overcome the mandate of the Oklahoma Statute, and the order of the Illinois court, is unrealistic. Citation of authority is not offered to substantiate this theory. If the theory is followed by this court, Jetta Kay is eligible for adoption but James Ronald is not.

Nolen has shunned the burden of parental obligation by failing to support his children and by choosing not to appear personally to protest their adoption. The record supports the finding that the best interest of the children is served by approving the adoption and maintaining the family unit.

We hold that the finding by the trial court that Nolen has not contributed to the support of the children for a period of over one year next preceding the filing of the petition for adoption is supported by the record, and, therefore, the children are eligible for adoption without the consent of the parent. We hold, further, that the trial court did not err in finding that the adoption is in the best interest of the children.

Affirmed.

IRWIN, C. J., BERRY, V. C. J., and DAVISON, WILLIAMS, JACKSON and LAVENDER, JJ., concur.

BLACKBIRD, J., concur in part and dissent in part.