656 P.2d 262 (1982)
In the Matter of the ADOPTION OF C.M.G., a minor child.
Rebecca Sue BAILEY, formerly Rebecca Sue Gniech, Appellant,
v.
Stephen Eugene GNIECH and Pamela Jean Gniech, Appellees.
No. 57718.
Supreme Court of Oklahoma.
December 21, 1982.
Randle L. Graham, Sr., Oklahoma City, for appellant.
Thomas D. McCormick, Oklahoma City, for appellees.
*264 OPALA, Justice:
The dispositive issue for review is whether, under the provisions of 10 O.S.Supp. 1974 § 60.6(3), the mother's consent to the adoption was correctly declared to be unnecessary. We answer in the negative. The child's statutory eligibility status for adoption without its mother's consent depends here upon [1] whether the mother's failure to provide support in the discharge of her unadjudicated financial responsibility was "wilful" and [2] whether the contributions she claimed to have made meet the statutory standard and may hence be treated as "support".
We hold that (a) an unadjudicated support obligation may be discharged by contributions other than cash payments, (b) the trial court erred in excluding testimony by which the mother sought to elicit acts  in a form other than cash payments  in the discharge of her unadjudicated parental responsibility and (c) the extent of the mother's ability to provide support cannot be judicially gauged without first affording her the opportunity to elicit the full range of her contributory efforts.
Unable adequately to provide for her needs, the natural parents of Christina G. [child], agreed at the time of their divorce to place her custody with the paternal aunt and uncle [custodians]. By the terms of the decree's support order the father was required to pay the child's custodians $50.00 per month. No support obligation stood imposed upon the mother. She remained free of any adjudicated financial responsibility.
One year after this custody disposition, the custodians attempted to bring about the child's adoption. They had the father's consent and sought a judicial declaration of the child's eligibility for adoption without the consent of her natural mother. Their claim rested on the mother's alleged wilful failure to provide support  within the meaning of 10 O.S.Supp. 1974 § 60.6(3)[1]  for a full year last preceding the filing of the case. The mother testified she had made a $15.00 cash payment for the child's benefit. Her efforts to elicit other forms of contributions met with adverse rulings. The trial court found that the mother's consent was unnecessary because she had "wilfully failed, refused, and neglected to contribute to the child's support according to her financial ability to contribute."
The mother claims error in the trial court's refusal to admit evidence of her contributions in the form of gifts, food and clothing. The import of her argument is that the judge's refusal to admit this evidence deprived her of the opportunity to show that her child was not, in fact, eligible for adoption under § 60.6(3) without her consent.
The question presented is one of first impression. We are called upon to decide whether the provision of "support" that will satisfy § 60.6(3) must be solely in money or may be effected in some other *265 form of contributions to the child's living expenses.[2]
In the absence of a court order imposing some specific duty upon her, the mother was nonetheless obligated ex lege to provide support during the critical one-year period here at issue. In Davis v. Neely[3] we held that even though custody stands awarded to one parent, the other continues under a legal support obligation which, if allowed to go undischarged, may result in an adoption without the offending parent's consent.[4] The support obligation of a natural parent stands imposed by law. Its existence is recognized in the absence of any court order. The responsibility so cast survives a custody award to the other parent.[5] In short, the non-custodial natural parent stands under a status-based duty to provide support commensurate with his financial ability.[6]
In this case, the mother sought to show that she was in fact discharging her unadjudicated legal duty by (a) proof of the $15.00 payment to the custodians and (b) by other evidence tendered at the hearing which the trial court excluded in the erroneous belief that only money payments will satisfy the law's command.

I.
Adoption statutes are in derogation of the natural rights of parents. They must be strictly construed.[7] This principle is designed to protect the integrity of the home and of the natural bond between parent and child.[8] The law presumes that consent of the child's natural parents is necessary before its adoption may be effected.[9] The burden rests on those who seek to destroy the bond to show why consent may be dispensed with.[10] In any controversy between the parent and another who seeks to destroy parental status, adoption statutes are to be construed strictly in favor of natural parents.[11] Termination of a right so fundamental as that of a parent to his natural child calls for an application of "the full panoply of procedural safeguards".[12] Clear-and-convincing standard of persuasion must be met to warrant judicial severance of the parental bond.[13]

II.
The object of § 60.6(3) is to allow a child's adoption without the consent of *266 that parent who  for the requisite period of time  has wilfully failed to discharge his duty to contribute. If such offending parent was required  by court order  to pay support, the inquiry in a § 60.6(3) dispute must address the measure of compliance that was rendered. A court order that calls solely for payment of money may not be satisfied by means other than payment. Failure substantially to comply with the order may be wilful and subject the delinquent parent to forfeiture of his consent power under § 60.6(3).[14] Unadjudicated support duty ex lege  unlike that which stands determined by a specific court order  may be satisfied by means different from monetary contributions. A general legal obligation of a noncustodial parent differs vastly from that which is judicially determined. The former resembles the common-law concept of parental liability for "necessaries"  a norm adopted by our statutory law.[15]
When a parent  not under a support order  is alleged to have forfeited, by operation of § 60.6(3), his power to grant or withhold consent to adoption, the allegedly delinquent parent must be afforded full and fair opportunity to show any contributions made to the child for which  both at common law and under our statutes  a stranger would have an action for "necessaries".[16] In short, the bond is not subject to a § 60.6(3) severance  without the natural parent's consent  when the parent claimed to be delinquent has, in fact, during the period in question contributed  in any form  toward his child's living expenses according to his ability.[17]

III.
Exclusion of evidence constitutes reversible error if it affects a substantial right of a party and the substance of the tendered evidence was either made known to the judge by offer or was apparent from the context within which it was sought to be elicited.[18] It is not necessary that a formal offer of proof be made if the significance of the excluded evidence is shown.
In the instant case, the trial court excluded the tendered proof of non-monetary support by the mother during the critical one-year pre-adoption period. The court's ruling was doubtless based upon the erroneous view that unadjudicated support duty, within the meaning of § 60.6(3), must be discharged solely by payment of money. This was the very position taken by the custodians' counsel who advised the court that "gifts, premiums [and] medical insurance" do not constitute support. The argument by mother's counsel  that there were other means of discharging a general (unadjudicated) *267 parental obligation such as "buying clothes for one's child"  went unheeded. A formal offer of proof  which was not made here  would have been futile. The court had announced, in clear and unequivocal terms, that, as a matter of law, "support" meant money payments only.
The evidence of non-monetary contributions, which was critical in the mother's quest to retain her parental consent power, was erroneously excluded to her prejudice.
The trial court's order is accordingly reversed and the cause is remanded for further proceedings not inconsistent with the views expressed in this pronouncement.
IRWIN, C.J., BARNES, V.C.J., and LAVENDER, SIMMS, DOOLIN and HARGRAVE, JJ., concur.
WILSON, J., concurs in the result.
NOTES
[1] The terms of 10 O.S.Supp. 1974 § 60.6(3), the statute in effect at the time of this litigation, are:

"A legitimate child cannot be adopted without the consent of its parents, if living ... except that consent is not necessary from a father or mother:
* * * * * *
3. Where a parent has wilfully failed, refused or neglected to contribute to the support of his child, as provided in the decree of divorce, or according to his financial ability if no provision for support is provided in the decree, for a period of one (1) year next preceding the filing of a petition for adoption of such child ... ." The 1974 version of § 60.6(3) was amended in 1981. Laws 1981, c. 107 § 1. Although the section appears, in the 1981 compilation, in a different form, the change does not affect the portions here under consideration.
[2] What constitutes "living expenses" should be regarded as an issue of fact for the trier. Within this category Oklahoma law does, generally, include food, shelter, clothing and requisite medical care.

The terms of 10 O.S. 1981 § 4 provide: "The parent entitled to the custody of a child must give him support and education suitable to his circumstances. If the support and education which the parent having custody is able to give are inadequate, the other parent must assist to the extent of his or her ability." [Emphasis added].
The terms of 21 O.S. 1981 § 852 provide in pertinent part: "Every parent of any child who wilfully omits, without lawful excuse, to perform any duty imposed upon the parent by law to furnish necessary food, clothing, shelter or medical attendance for such child is guilty of a misdemeanor * * *." [Emphasis added]
[3] Okl., 387 P.2d 494 [1963].
[4] Davis v. Neely, supra note 3 at 500.
[5] Davis v. Neely, supra note 3, in which adoption was allowed without the natural father's consent, is distinguishable from the present case. There it was held that the father's letters and gifts met none of the child's essential needs, while here the natural mother's tendered proof included support-related contributions.
[6] 10 O.S.Supp. 1974 § 60.6(3), supra note 1.
[7] In re Adoption of Graves, Okl., 481 P.2d 136, 138 [1971].
[8] Mann v. Garrette, Okl., 556 P.2d 1003, 1006 [1976].
[9] 10 O.S.Supp. 1974 § 60.6; Matter of Adoption of Darren Todd H., Okl., 615 P.2d 287, 288 [1980].
[10] Matter of Adoption of Darren Todd H., supra note 9 at 288. 10 O.S.Supp. 1974 § 60.6.
[11] In re Adoption of Graves, supra note 7 at 138.
[12] Matter of Adoption of Darren Todd H., supra note 9 at 290.
[13] Matter of Adoption of Darren Todd H., supra note 9 at 290; Matter of C.G., Okl., 637 P.2d 66, 69-72 [1981].
[14] Disputes arising under § 60.6(3), in which the allegedly offending parent was under a court-imposed order, are to be distinguished from those in which such parent was merely under the law's general duty of support. Cf. In re Adoption of Eddy, Okl., 487 P.2d 1362 [1971] and In re Adoption of Greer, Okl., 463 P.2d 677 [1970], where the provision of gifts, toys, clothing and medical insurance was found insufficient as "support". The non-custodial parent in those cases was under a specific court order for support.
[15] 10 O.S. 1981 § 13, infra note 16.
[16] The terms of 10 O.S. 1981 § 13 provide: "If a parent neglects to provide articles necessary for his child who is under his charge, according to his circumstances, a third person may in good faith supply such necessaries and recover the reasonable value thereof from the parent."

Cotner v. Lon Jacobs Grocery Co., 84 Okl. 1, 202 P. 997, 1000 [1921]. The word "necessaries" is a term used in a common-law action by a third party for recovery of money spent on articles necessary to a child's support. In 10 O.S. 1981 § 13, it represents the liability of a parent to a third party.
[17] Just as any custodial parent is free to contribute support in forms other than cash, so is the non-custodial parent, when not under a court-imposed support duty, equally free to resort to a variety of forms. "Support"  in this sense  is a legal right of the child which may be discharged in a variety of ways.
[18] The terms of 12 O.S. 1981 § 2104(A)(2) provide in pertinent part: "A. Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of a party is affected, and: * * * 2. If the ruling is one excluding evidence, the substance of the evidence was made known to the judge by offer or was apparent from the context within which questions were asked. * * *"