Glen **MALSON** and Virginia Malson, husband and wife, dba M & M Drum Company, Appellants,

v.

**PALMER BROADCASTING GROUP,** a general partnership, dba KFOR–TV, and Brad Edwards, an individual, Appellees.

No. 85761.

Supreme Court of Oklahoma.

April 8, 1997.

---

Victor R. Grider, Oklahoma City, for Appellants.

Robert D. Nelon, Hall, Estill, Hardwick, Gable, Golden & Nelson, Oklahoma City, for Appellees.

SIMMS, Justice.

We promulgate this opinion to re-emphasize the well established principle that a motion for summary judgment may not be granted when there are disputed issues of material fact presented in the motion and response which are supported by evidentiary materials such as affidavits.

This is a defamation case. The defendants below are Brad Edwards, a television reporter, and his employer, Palmer Broadcasting Group, a general partnership d/b/a KFOR–TV (an Oklahoma City television station). Mr. Edwards reported, and the station broadcast, two television news stories, alleging that plaintiffs, in the operation of their business (a 55 gallon drum cleaning company) were dumping toxic chemical residues directly into the Oklahoma City sewer system.

Plaintiffs commenced this action in the district court, claiming that Mr. Edwards and the television station falsely and maliciously published an untrue report and falsely accused plaintiffs of committing crimes and creating a public health hazard. Plaintiffs alleged that their reputations were damaged and their business has suffered.

Defendants (collectively referred to as television station) filed a motion for summary judgment. Television station admitted that there was a dispute concerning whether there were any factual errors in the broadcasts. However, television station claimed that even if the broadcasts contained factual errors (which station denied) the plaintiffs' claims must fail because television station

was not negligent in investigating and reporting the stories. In support of this claim, television station attached an affidavit of an expert, in which the expert opined that television station exercised the degree of care which ordinarily prudent persons engaged in the news business usually exercise under similar circumstances.

In response to the motion for summary judgment, plaintiffs disputed the assertion that television station was not negligent. To support their claim of negligence, plaintiffs attached the affidavit of their expert. In the affidavit, the expert explained in detail the ways in which the investigation and reporting of the news stories fell, in his opinion, below the degree of care which ordinarily prudent persons engaged in the news business usually exercise under similar circumstances.

The trial court granted summary judgment for the defendants, stating that "[t]here is no evidence of negligence of defendants' presented to the Court." The plaintiffs filed a timely motion for new trial, contending that the court erred in ignoring or disregarding the affidavit of plaintiffs' expert, and in resolving disputed issues of fact in favor of the defendants. The trial court denied the motion for new trial and plaintiffs timely commenced this appeal.

The Court of Civil Appeals affirmed, finding that the affidavit of plaintiffs' expert was not sufficient to withstand summary judgment and to justify a trial. The Court of Civil Appeals' opinion shows that in making this determination, it improperly weighed the evidentiary materials presented in the motion for summary judgment and response, and decided that the defendants were not negligent.

We previously granted certiorari. We vacate the Court of Civil Appeals opinion, reverse the summary judgment granted by the trial court, and remand for further proceedings. The trial court erred in granting summary judgment, and abused its discretion in failing to grant the new trial motion, when summary judgment was clearly improper in this case.

The parties agree that the plaintiffs are private individuals and not public figures. In *Gertz v. Robert Welch Inc.*, 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974), the United States Supreme Court allowed the states to define for themselves the appropriate standard of liability of the news media for defamatory falsehoods which injure a private individual. In *Martin v. Griffin Television, Inc.*, 549 P.2d 85 (Okl.1976), we adopted negligence as the standard of liability. We held that the news media must exercise ordinary care in reporting news stories concerning private individuals. We defined ordinary care as "that degree of care which ordinarily prudent persons engaged in the same kind of business usually exercise under similar circumstances" and determined that the "failure to exercise such ordinary care would be negligence." *Martin*, at p. 92.

■ We also indicated that the best *evidence* of ordinary of care is the degree of care which ordinarily prudent persons, engaged in the same kind of business, customarily have exercised and commonly do exercise under similar circumstances. See, *Martin* at p. 92, quoting *Oklahoma Gas & Electric Co. v. Wilson*, 172 Okl. 540, 45 P.2d 750 (1935), quoting *Canadian Northern Ry. Co. v. Senske*, 201 F. 637, 642 (CCA8 1912). The *Restatement Second, Torts* § 580B, comment g, states that in defamation cases involving private individuals, evidence of customs and practices within the news profession, which may be relevant in determining whether ordinary care was practiced in a given situation, will normally come from an expert. Accordingly, the trial court erred when it determined that there was *no* evidence of negligence presented to the court.

■ Additionally, the court should not weigh the evidentiary materials on a motion for summary judgment. It is not the purpose of summary judgment to substitute trial by affidavit for a trial according to law. *Stuckey v. Young Exploration Co.*, 586 P.2d 726, 730 (Okl.1978).

■ Summary judgment was especially inappropriate in the present case because there were conflicting affidavits concerning whether television station had used ordinary care. Issues of negligence are ordinarily not

fit subjects for summary adjudication. *Northrip v. Montgomery Ward and Co.,* 529 P.2d 489 (Okl.1974). The degree of care that an ordinary person should exercise in a given situation normally presents an issue for the jury. *Wetsel v. Independent School District I–1,* 670 P.2d 986, 990 (Okl.1983). In a negligence action, the burden is not upon the plaintiff to prove defendant was negligent in order to avoid a defendant's motion for summary judgment. Rather, the defendant must carry the burden of showing the absence of any genuine issue of fact. *White v. Wynn,* 708 P.2d 1126 (Okl.1985). That burden was not carried by television station here.

■ In reviewing the grant or denial of summary judgment, this Court will examine the pleadings and evidentiary materials to determine what facts are material and to determine whether there is a substantial controversy as to one material fact. If there is a substantial controversy as to a material fact, the grant of summary judgment is improper. *Ross v. City of Shawnee,* 683 P.2d 535 (Okl. 1984), *Flanders v. Crane Co.,* 693 P.2d 602 (Okl.1984), *First State Bank v. Diamond Plastics,* 891 P.2d 1262 (Okl.1995). As explained above, there is a substantial controversy concerning whether television station exercised ordinary care under the circumstances, and thus, summary judgment was improper.

The judgment of the trial court is REVERSED, and this cause is REMANDED for further proceedings consistent with this opinion.

All the Justices concur.