1999 OK CIV APP 68

**Donald A. EAST, Plaintiff/Appellant,**

v.

**Burnis Bernard BROWN, Sarah Rosalyn Brown, Calvin Zane Brown, and Delores Jean Brown, Defendants/Appellees.**

**No. 90,816.**

Court of Civil Appeals of Oklahoma, Division No. 3.

March 29, 1999.

Rehearing Denied April 27, 1999.

Certiorari Denied June 15, 1999.

David H. Sanders, Sanders & Sanders, Tulsa, Oklahoma, For Plaintiff/Appellant.

David D. Smith, Norman, Oklahoma, For Defendants/Appellees.

Opinion by KENNETH L. BUETTNER, Presiding Judge:

¶1 Plaintiff/Appellant Donald A. East (East) appeals from the trial court's denial of his motion for new trial. East filed suit for specific performance of a real estate contract following an auction of real property owned by Defendants/Appellees Burnis Bernard Brown, Sarah Rosalyn Brown, Calvin Zane Brown, and Delores Jean Brown (Browns). The trial court originally granted the Browns' motion to dismiss for failure to state a claim. The dismissal order was reversed by this court (Division 2) in Appeal No. 82,-179. Following a bench trial in which the court found for the Browns, East filed a motion for new trial. That denial is the subject of the instant appeal.

¶2 The Browns owned a tract of development property in Tulsa. They had inherited the land from Sarah Viola Brown. The Browns had rejected offers of $300,000.00

and $250,000.00 for the land before they contracted with Williams & Williams Auctioneers (Williams) to sell the property at auction. The Browns and Williams testified that the auctioneer announced the property was being sold subject to the sellers' approval, i.e., a reserve auction. East testified that the auction announcement did not indicate it was a reserve auction. When he arrived at the auction, East encountered Joseph Westervelt and they agreed to bid together. East testified that at the end of the bidding, Williams declared him the high bidder and said "sold." East offered 70¢ per foot which totaled $214,-359.00. East further testified that when he signed the contract after the bidding ended Williams told him the purchase was subject only to the approval of the probate court which would take about a week. East testified Williams called him the next day to tell him the Browns had rejected his bid. East then sued for specific performance.

█ ¶3 "In cases of equitable cognizance this Court will examine the record and weigh the evidence, but will not disturb the trial court's judgment unless against the clear weight of the evidence or contrary to law or established principles of equity." *Wetsel v. Johnson*, 1970 OK 69, 468 P.2d 479, 481. We review the denial of a motion for new trial for an abuse of discretion. *Malson v. Palmer Broadcasting Group*, 1997 OK 42, 936 P.2d 940, 942.

¶4 East's first proposition of error is that the trial court failed to follow the "law of the case" resulting from the court's opinion in East's earlier appeal. In East's earlier appeal, the court wrote:

A claim must not be dismissed for failure to state a claim unless, taking plaintiff's allegations as true, it appears beyond a reasonable doubt that he can prove no set of facts that would warrant relief. [cite omitted] Under the facts alleged by East, if true, his bid was accepted and a binding contract for sale of the property was formed at the fall of the auctioneer's gavel. This is due to the "probate court approval" condition being a nullity; the defendant

owners not withdrawing the property prior to the hammerfall; and East exceeding the minimum opening bid condition.

Earlier in the opinion, the court explained that the Brown's had sought dismissal by asserting: 1) East failed to allege the auction was absolute, and 2) East's claim was barred by the Statute of Frauds. The court noted East responded that his petition had alleged the auction was held "with reserve" and that the auctioneer had stated the high bid would be subject to "probate court approval." The court then provided "This statement was not true, which the defendants knew, and East claims that it was therefore a nullity and ineffectual as a condition to the sale. Because he complied with the minimum bid requirement and [Browns] did not withdraw the property prior to the fall of the gavel, [East] asserts that the contract was accepted at that instant."

█ ¶5 We agree with East that a trial court may not allow relitigation of issues between the same parties settled previously by an appellate court. *McMinn v. City of Oklahoma City*, 1997 OK 154, 952 P.2d 517. However, East mistakes this court's statement of his argument for a pronouncement of the law of the case. In an appellate opinion which reverses a dismissal for failure to state a claim, the court's statement of facts plead by the plaintiff have not yet been litigated and are not the law of the case.[1] It is clear that the court in the previous appeal found one set of facts that, if true, would allow relief to East. The court did not discuss other facts, raised by the Browns, that, if true, would defeat East's claim. Of particular importance, the court did not discuss the legal differences between an absolute auction and an auction with reserve.

¶6 On remand, the trial court was essentially left with a factual dispute over whether the auctioneer informed the bidders that the auction was subject to the sellers' approval or the probate court's approval. East argues that, either way, it is the law of the case that the Browns had to have withdrawn the prop-

1. In ruling on a motion to dismiss for failure to state a claim, the plaintiff's facts, as alleged in the petition, are to be taken as true. *State ex rel.* *Pollution Control Co. v. Kerr McGee Corp.*, 1975 OK 28, 532 P.2d 1386.

erty prior to the fall of the gavel in order to avoid the completion of the sale.

¶ 7 Further, East acknowledges that the auction was a reserve auction since East thought probate court approval was required. While the general rule is that in a reserve auction, the seller may withdraw the property up until the "hammerfall," an exception to that rule is where the seller specifically reserves the right to approve or reject the high bid at a later time. *Cuba v. Hudson & Marshall, Inc.,* 213 Ga.App. 639, 445 S.E.2d 386, 388 (1994); *J & L Investment Company,* 233 Mich.App. 544, 593 N.W.2d 196, 1999 WL 41638 (1999). In such a case, the hammerfall signals only the end of the bidding, rather than the consummation of the sale. *Id.*

¶ 8 The trial court found that the auctioneer did not state the sale was subject to probate court approval, which statement would be a nullity, according to this court's earlier opinion. Instead, the trial court found that the sellers specifically reserved the right to accept or reject the high bid. We find sufficient evidence supports this factual determination by the trial court. The Browns and Williams, the auctioneers, testified that Williams stated before the bidding that the auction was subject to the sellers' approval.

¶ 9 East also asserts error in the trial court's finding that East lacked credibility. The trial court's ruling does not expressly find East lacked credibility. Instead, the order provides that "the testimony of James Brackett is not credible on any issue and does not shed any light on this case." East has not presented any support for his contention that the trial court's finding was capricious.[2]

¶ 10 East's final assertion is that the trial court erred in finding that East's and Westervelt's joint venture stifled or chilled the bidding. In its order, the trial court noted that agreements to bid together which stifle fair competition in the bidding are against public policy, but that parties may agree to bid together if they would be unable to pur-

chase the property by bidding alone. 7A C.J.S. Auctions & Auctioneers, § 14. The trial court held that, because East's bidding partner, Westervelt, had earlier offered $250,000 for the property, yet together, the two made the high bid of $214,000 at the auction, the agreement between East and Westervelt stifled the bidding. We need not address this contention because the trial court's determination does not affect the outcome of the case because we have affirmed that the bid was rejected by the sellers pursuant to a stated reservation of the right of approval.

¶ 11 Because we find that the trial court's judgment is not contrary to the clear weight of the evidence, we affirm the trial court's decision. Further, we find no abuse of discretion in the denial of East's motion for new trial. The purported new evidence adduced by East, the settlement agreement between the Browns and Williams, has not been shown by East to have affected the outcome of the case.

AFFIRMED.

GARRETT, J., and JOPLIN, J., concur.

---

2. The trier of fact is in the best position to determine the credibility of witnesses and such determination will not be reversed absent a find-

ing of caprice. *Lowe v. Hickory,* 176 Okla. 426, 55 P.2d 769 (1935).