2001 OK CIV APP 10

**Glenn MALSON and Virginia Malson, Husband and Wife, d/b/a M & M Drum Company, Appellants,**

**v.**

**PALMER BROADCASTING GROUP, a General Partnership, d/b/a KFOR–TV, and Brad Edwards, an Individual, Appellees.**

No. 92,505.

Court of Civil Appeals of Oklahoma, Division No. 2.

Aug. 1, 2000.

Rehearing Denied Sept. 8, 2000.

Certiorari Denied Jan. 9, 2001.

Victor R. Grider, Law Office of Victor R. Grider, Oklahoma City, OK, for Appellants.

Robert D. Nelon, Lorinda G. Holloway, Hall, Estill, Hardwick, Gable, Golden & Nelson, Oklahoma City, OK, for Appellees.

TAYLOR, J.

¶ 1 Plaintiff, Virginia Malson d/b/a M & M Drum Company (Virginia or Plaintiff), appeals the trial court's orders entering judgment on a jury verdict in favor of Defendants and denying her subsequent motion for new trial. The issues presented concern whether the trial court committed reversible error in its jury instructions and in evidentiary rulings during the course of the trial. Based on our review of the record, the parties' briefs, and the applicable law, we find that such error did occur, and reverse and remand for a new trial.

¶ 2 This is the third time this matter has been appealed. The basic underlying facts are described at length in the previous two appellate opinions, *Malson v. Palmer Broadcasting Group*, 1997 OK 42, 936 P.2d 940 (*Malson I* ), and *Malson v. Palmer Broadcasting Group*, 1998 OK CIV APP 68, 963 P.2d 13 (*Malson II* ). The case originated in 1994 as a defamation action by Virginia and her husband, Glenn Malson (now deceased), against Brad Edwards, a television news reporter, and his employer, Palmer Broadcasting Group, a general partnership d/b/a KFOR TV. The Malsons claimed Defendants "falsely and maliciously published an untrue report and falsely accused plaintiffs of committing crimes and creating a public health hazard," damaging their individual reputations and their business. *Malson I,* 1997 OK 42, ¶ 3, 936 P.2d at 941. Their claim was based on two television news stories, reported by Edwards and broadcast by KFOR in August 1993, which asserted M & M Drum Company (a 55–gallon drum cleaning business) had illegally disposed of toxic chemical waste residues directly into the Oklahoma City sewage system.

¶ 3 In *Malson I*, the supreme court reversed the trial court's entry of summary judgment for Defendants, finding a substantial controversy of material fact existed as to whether Defendants were negligent in airing the 1993 reports. 1997 OK 42, ¶ 12, 936 P.2d at 942. While that appeal was pending, however, Glenn Malson died. Shortly after remand of the case Defendants again moved for summary judgment arguing that Glenn Malson's action abated with his death. They further argued that Virginia Malson had no claim for defamation because she was not mentioned in Defendants' reports, and she had no significant role in operating M & M Drum.

¶ 4 Though Virginia agreed that Glenn Malson's defamation claim did not survive his

death, she contested Defendants' other arguments. The trial court again granted summary judgment in Defendants' favor.

¶ 5 In *Malson II*, the court of civil appeals reversed the trial court's summary judgment for Defendants on the issue of Virginia's claim. It found the evidence demonstrated material facts in dispute as to whether Virginia had been defamed by Defendants' reports about Glenn Malson and the couple's jointly owned business. 1998 OK CIV APP 68, ¶ 8, 963 P.2d at 15. On remand, the matter was tried to a jury, which returned a Defendants' verdict. The trial court thereafter denied Virginia's motion for new trial. She now appeals.

■ ¶ 6 Near the top of Plaintiff's list of alleged trial court errors is Jury Instruction No. 13, in which the court instructed the jury as follows:

The first element ... which the plaintiff must prove is that the statements in the news reports about which she complains are about her and are defamatory to her. Defamation is considered personal. *Therefore, Virginia Malson cannot recover for defamatory statements, if any, that KFOR–TV made about her husband, Glenn Malson, or about M & M Drum Company[.]* [A] statement broadcast by KFOR is defamatory to the plaintiff if you find that viewers reasonably understood the statement in the news reports to refer to Virginia Malson and to accuse her of some wrongdoing with respect to industrial discharge from M & M Drum Company.

Not every unpleasant or uncomplimentary statement is defamatory. It is not enough that the broadcasts were unflattering to or annoyed the plaintiff, or irked her, or subjected her to questions, or to just or banter so as to affect her feelings, nor is it enough that the plaintiff might have preferred that the broadcasts not have occurred. *In order for you to find*

*that statements in the broadcasts were defamatory, you must find that they intended to lower the opinion held of the plaintiff in the minds of reasonable viewers of the broadcasts.*

In determining whether the statements in the broadcasts are defamatory, you must look at the news reports as a whole to decide whether, in the context of the whole report, a statement is or is not defamatory.

(Emphasis added). Plaintiff contends this instruction basically "directed a verdict" in favor of Defendants because it essentially told jurors that she could not be defamed by statements made about Glenn Malson or M & M Drum, and that she could not recover for damages to M & M Drum. Plaintiff also argues this instruction misstates the law.

¶ 7 Closely related to Plaintiff's complaint about Instruction No. 13 are her allegations of error based on the trial court's refusal to allow testimony related to allegedly false statements made about Glenn Malson personally or about M & M Drum Company.[1] The court also refused to allow Virginia to testify as to whether business of the company dropped off after the broadcasts, to give her opinion as to why the business dropped off, or to even answer as to whether she was asking for an award of damages.

■ ¶ 8 It is within this court's province to examine challenged jury instructions to determine whether there is a probability that the jurors were misled and reached a different conclusion than they would have reached but for the questioned instruction, or whether there was excluded from consideration a proper issue of the case. *See Woodall v. Chandler Material Co.*, 1986 OK 4, 716 P.2d 652. If it appears probable that the trial court's refusal to give additional or more detailed instructions has resulted in a miscarriage of justice, the judgment will be re-

---

1. Instances of trial court exclusion of such testimony are contained in the Appendix to Plaintiff's Brief in Chief. We reject Defendants' argument that Plaintiff's description of this alleged error in her motion for new trial was insufficient to preserve the evidentiary rulings for appellate review. The motion for new trial was sufficiently specific to apprise the trial court meaningfully of Plain-

tiff's reasons for seeking relief, particularly in view of the numerous discussions among counsel and the court on this topic during the trial, as reflected in the trial transcript. *See Schepp v. Hess*, 1989 OK 28, ¶ 19, 770 P.2d 34, 40; *Jones v. Johnson*, 1919 OK 360, 185 P. 1082 (syllabus by the court).

versed. *Id.* Further, even though relevance and admissibility of evidence are matters normally addressed to the discretion of the trial court, the court's rulings will not be allowed to stand if they show an abuse of discretion such that a substantial right of a party is affected. *See* 12 O.S.1991 §§ 2104, 2402, 2403; *Matter of Adoption of C.M.G.,* 1982 OK 156, ¶ 12, 656 P.2d 262, 266.

¶ 9 Applying the foregoing to the case at bar, we find the trial court committed reversible error in giving Instruction No. 13 and in disallowing testimony relevant to proving the falsity of statements made about M & M Drum Company or Glenn Malson individually. Instruction No. 13 and the trial court's evidentiary exclusions are in direct conflict with the court of civil appeals' holding in *Malson II,* which is now the settled law of this case. *See McMinn v. City of Oklahoma City,* 1997 OK 154, ¶¶ 24–30, 952 P.2d 517, 523–24; *In re Estate of Severns,* 1982 OK 64, 650 P.2d 854; Supreme Court Rule 1.171, 12 O.S. Supp. 1* ch. 15, app.

■ ¶ 10 In *Malson II,* the appeals court specifically relied on evidence concerning statements made about Glenn Malson and M & M Drum Company in finding that factual issues existed as to whether "Virginia might have been defamed by the television station's reports about her husband and about their co-owned business." 1998 OK CIV APP 68, ¶ 8, 963 P.2d at 15. The trial court's decisions during the trial ignore the clear implication of *Malson II* that such evidence is relevant to a determination of whether Virginia Malson was defamed, and that whether she was defamed by such evidence was a factual issue for the jury's determination. Instruction No. 13 and the rulings excluding evidence that might show the falsity of statements about M & M Drum Company also ignore the fact that *Virginia Malson was a joint owner or proprietor of M & M Drum,* and is legally entitled to assert, and recover, damages accruing from defamation of the business. *See* Restatement (Second) of Torts § 562 (1977)(concerning defamation of partnerships and unincorporated associations); *Poorbaugh v. Mullen,* 99 N.M. 11, 653 P.2d 511, 520 (Ct.App.1982), *cert. denied,* 99 N.M. 47, 653 P.2d 878 (1982).

■ ¶ 11 Instruction No. 13 also is defective because it suggests that liability for defamation is somehow dependent upon a finding of "intent." A plaintiff who is not a public figure who seeks to impose liability for defamation generally must plead and prove (1) a false and defamatory statement; (2) an unprivileged publication to a third party; (3) fault amounting to at least negligence on the part of the publisher; and (4) either the actionability of the statement irrespective of special damage, or the existence of special damage caused by the publication. Restatement (Second) of Torts § 558 (1977). Although, to be defamatory, a statement must be one which "tends" to harm the reputation of another, "intent" to damage the reputation of the plaintiff is not a required element of the tort. *See* Restatement (Second) of Torts § 559 (1977).

■ ¶ 12 We find it highly probable that the trial court rulings on these issues misled or confused the jury and kept it from fully and properly considering the primary issues of the case—whether Plaintiff was defamed as a result of allegedly defamatory statements made about Glenn Malson or about the business, and whether she suffered damages as a result. Accordingly, the jury's verdict cannot stand. The trial court's judgment is reversed and this matter is remanded for a new trial.

¶ 13 Our determination that the trial court committed reversible error in submitting Instruction No. 13 and excluding evidence related to the potential falsity of reports about Glenn Malson and M & M Drum Company makes it unnecessary to address the other allegations of error set forth in Plaintiff's brief.

¶ 14 REVERSED AND REMANDED FOR NEW TRIAL.

¶ 15 RAPP, P.J., and COLBERT, J., concur.