2003 OK CIV APP 73

**Carolyn MABRY and The First National Bank and Trust Company of Vinita, Successor Trustees of the James W. Harris Trust Agreement dated September 15, 1994, as amended and restated in its entirety June 29, 2000, Plaintiffs/Appellees,**

v.

**Kevin LIKE, Defendant/Appellant.**

**No. 98,191.**

Court of Civil Appeals of Oklahoma, Division No. 3.

July 18, 2003.

Mark W. Curnutte, James M. Meredith, Logan & Lowry, LLP, Vinita, OK, for Plaintiffs/Appellees.

Robert G. Green, Tulsa, OK, for Defendant/Appellant.

Opinion by KENNETH L. BUETTNER, Judge:

¶ 1 The trial court granted summary judgment in favor of Plaintiffs (Trustees) on their quiet title action filed against Kevin Like, who claimed an interest in certain real property arising from a real estate auction conducted by Plaintiffs. We affirm.

¶ 2 The property was advertised for public auction with a minimum bid of $100,000. The advertisement did not state whether the auction was with or without reserve. Before bidding, the auctioneer stated that the sale was subject to confirmation by the Trustees, who the auctioneer stated were present. The auctioneer also stated that the highest and best bidder would be the one whose name went on the contract.

¶ 3 Kevin Like was high bidder at $136,000. The auctioneer did not "drop the hammer," but stated, when no more bids were forthcoming, that the bidding was closed. The Trustees had previously told the auctioneer that the minimum they would accept for the property was $175,000. The

auctioneer conferred with the Trustees who declined to accept the bid, and the auctioneer informed Like.

¶ 4 If an auction is with reserve, then the seller "reserves the right to approve or reject the high bid at a later time." *East v. Brown*, 1999 OK CIV APP 68, ¶ 7, 986 P.2d 523, 525. "An auction is deemed to be conducted with reserve unless there is an express announcement or advertisement to the contrary before the auction takes place." *Marten v. Staab*, 4 Neb.App. 19, 537 N.W.2d 518 (syllabus by the court ¶ 7)(Neb.App.1995). Whether sellers reserved the right to confirm or accept the sale is a question of fact.[1] See *East v. Brown*, 1999 OK CIV APP 68, ¶ 8, 986 P.2d 523. Whether a contract is formed is a question of law. ". . . [T]here is no meeting of the minds in an auction sale until the offer of the bidder is accepted in an auction with reserves or until the high bid is made in an auction without reserves." *Dry Creek Cattle Company v. Harriet Bros. Limited Partnership*, 908 P.2d 399, 404 (Wyo.1995).

¶ 5 The material facts in this case are undisputed and the resolution of the matter revolves around the issue whether the auction was with or without reserve. The facts lead to the conclusion that the auction was with reserve and that when the sellers did not confirm the highest bid, no contract was formed. Summary judgment was properly granted in favor of Plaintiffs. 12 O.S. Ch. 2, App. 1, Supp.1993, District Court Rule 13(e).

¶ 6 Like contends several facts preclude summary judgment. First is the fact that the auction brochure advertised a starting bid of $100,000. However, satisfaction of a starting bid does not change a with reserve auction to one without reserve. A starting bid is a floor at which bids must start. Starting bids do not bind a seller to accept the highest bid above the minimum.

¶ 7 It's also true that the auctioneer, after announcing that the auction was subject to confirmation by the Trustees stated: "Highest and best bidder will be the one that goes—name that goes on the contract." This statement is insufficient to transform the auction into one without reserve.

When an auctioneer presents an article for sale, he ordinarily is not making an operative offer and such an auction is 'with reserve.' This is true even though the seller has advertised or made statements that the article will be sold to the highest bidder, as such statements are usually 'merely preliminary negotiation, not intended and not reasonably understood to be intended to affect legal relations.'

*Marten v. Staab*, 4 Neb.App. 19, 537 N.W.2d 518, 523, (citing 1 Corbin on Contracts § 414 at 639–640, 1993). Accord: *Pitchfork Ranch Company v. The Bar TL*, 615 P.2d 541 (Wyo. 1980); *Specialty Maintenance & Construction, Inc.*, 790 S.W.2d 835 (Tex.App.1990). Conceptually, the high bidder's name goes "on the contract" which must still be accepted by the seller when the auction is with reserve.

¶ 8 Finally, the fact that Like was high bidder with a bid above the advertised starting bid and his willingness to have his offer accepted as evidenced by his ability to pay the 5% down as required, does not force an acceptance. Consequently, no contract was formed. "Thus, it can be said that where the auction has not been announced to be without reserve, the sale contract is consummated by the offer of the bidder to buy and the acceptance of the bid by the seller." *Pitchfork Ranch Company, supra* at 547.

¶ 9 In Like's Response to Plaintiffs' Motion for Summary Judgment, he describes some of the conduct related to the auction as violations of the Oklahoma Consumer Protection Act, 15 O.S. § 751 et seq. However, he has no pending claim under such act, and the provisions cited do not supercede Oklahoma law relating to whether an auction is presumptively with reserve.[2]

---

1. The auction contract between Trustees and the auctioneer provided:
   "(B) METHOD OF AUCTION: I/We authorize this property to be offered with trustee's confirmation, the trustee's (sic) reserve the right to accept or reject the high bid."

2. The bid packet received by Like included the following:
   —"Our company policy, however, requires every seller's confirmation of the high bid before the sale is final, whether or not the seller is willing to accept any price for the property."

¶ 10 The trial court's order granting summary judgment in favor of Plaintiffs on their petition to quiet title to the real estate and against Like on his counterclaim is AFFIRMED.

ADAMS, P.J., and JOPLIN, C.J., concur.

—"2. **CONFIRMATION OF AUCTION: THE SALE OF THIS PROPERTY IS SUBJECT ONLY TO CONFIRMATION BY THE** SELLER. Bidding shall be open to any person who agrees to abide with the terms and conditions."